Garnet Gordon CAMERON, Appellant,

v.

Suzan Elizabeth CAMERON, Appellee.

No. 05–04–00479–CV.

Court of Appeals of Texas,
Dallas.

March 15, 2005.

Garnet Cameron, Carrollton, for Appellant.

Lora A. Pickar Unglaub, Plano, for Appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from an order modifying a child support obligation. In eight points of error, appellant Garnet Gordon Cameron, representing himself on appeal, generally contends the trial court erred in failing to make a fact finding with respect to his ex-wife's net monthly resources as required by the Texas Family Code; awarding support at variance with the child support guidelines; ordering him to pay appellee additional amounts to cover the cost of his child's health insurance through her employer and one-half of the child's day care expenses; and ordering child support that does not permit him to pay his necessary living expenses. Concluding appellant's points of error lack merit, we affirm the trial court's judgment.

Appellant filed this action seeking a reduction in his child support payments of $629.54 per month. In his petition, appellant asserted he was laid off from his software engineering position in November 2001 because of a recession in the telecommunications sector. He claims that after almost a year-long period of unemployment, he now works as a customer service representative at a significant reduction in pay.

The trial court signed a temporary order reducing appellant's support obligation to $319.56 per month. After a hearing, the trial court ordered appellant's child support obligation permanently reduced to $319.56 per month. The trial court further ordered appellant to pay as additional child support $173.33 per month to cover the cost of his child's health insurance obtained through appellee's employer. Additionally, the trial court ordered appellant to pay one-half of all daycare expenses incurred for and on behalf of his child within ten days of his receipt of a copy of the paid invoice. Appellant timely appealed the trial court's order.

In his first point of error, appellant argues the trial court's order should be reversed because he was harmed by the trial court's failure to include a finding on appellee's net monthly resources as required by section 154.130(b)(2) of the Texas Family Code. We review a trial court's child support modification order for an abuse of discretion. *See Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex.App.-Dallas 2004, no pet.). The trial court may modify a previous child support order if the "circumstances of the child or person affected by the order have materially and substantially changed since the date of the order's rendition." TEX. FAM.CODE ANN. § 156.401(a)(1) (Vernon Supp.2004-05). As movant, it was appellant's burden to show the requisite material and substantial change in circumstances since the entry of the previous order. *See London v. London*, 94 S.W.3d 139, 145 (Tex.App.-Hous. [14th Dist.] 2002, no pet.). Thus, if he thought appellee's current net income was necessary for the success of his petition, it was his responsibility to present evidence on this issue at the time of the hearing. Our review of the record in this case reveals that there was no evidence presented by either party on appellee's net monthly income. In the absence of such evidence, there was no error in the trial court's failure to make the finding appellant now demands. We overrule appellant's first point of error.

In his second, third, and fourth points of error, appellant claims the evidence was legally and factually insufficient to support the trial court's finding that application of the child support guidelines would be unjust or inappropriate. Specifically, he complains there was no or insufficient evidence that (1) he was voluntarily unemployed; (2) he failed to pay court ordered child support; (3) he failed to maintain health insurance on his child or reimburse appellee for maintaining the child's healthcare coverage; or (4) appellee incurred child daycare expenses to maintain her employment.

■ Legal and factual sufficiency of the evidence are merely factors in assessing whether the trial court abused its discretion in rendering a child support order. *London,* 94 S.W.3d at 143–44. When conducting a legal sufficiency review, we consider only the evidence and inferences that support the trial court's findings and will reverse only if there is no more than a scintilla of evidence to support the finding. *See Knight v. Knight,* 131 S.W.3d 535, 538 (Tex.App.-El Paso 2004, no pet.). When reviewing for factual sufficiency, we examine the entire record and will set aside the finding only if it is so contrary to the evidence as to be clearly wrong and unjust. *Id.*

At the hearing, appellant testified that when the original child support order was signed, he worked for Nortel Networks making "50 some-odd thousand dollars per year." Currently, he works 40 hours per week at the rate of $10.50 per hour. His 2002 federal income tax return showed a total income $16,421 of which $12,441 was unemployment compensation. Appellant also offered evidence that he had another child for whom he was responsible. The evidence further revealed that in 2003, appellant owed approximately $15,000 in child support arrears. Moreover, appellant admitted that he had not paid the full amount of the reduced child support payments set forth in the trial court's temporary order. He claimed his noncompliance was based on his belief that his support obligation would be further reduced upon providing documentation that he was responsible for another child. Documentation for this child, however, was not presented at the hearing. When asked why he did not seek a second job to meet his child support obligation, appellant replied he had to care for his other child.

Appellee testified that although the original divorce decree required appellant to provide health insurance for their child, there were lapses in coverage because of appellant's layoffs. She noted that appellant failed to notify her when he was laid off. She learned her child was uninsured when she attempted to get his prescription filled and had to pay for the medicine out of her own pocket. There was evidence that since the couple divorced in 1997, appellant has held jobs with four different employers. He was employed for only two years at each of his last two jobs. Appellee further testified that because she needed reliable health coverage for their son, she quit her part-time job and took a full-time job for lower pay but with health benefits. As a result, she incurs child daycare expenses of approximately $600.00 per month. Finally, appellee testified that the only health insurance card she received from appellant since he lost his last job was a photocopy of an insurance card faxed to her attorney's office the month before the hearing.

■ After reviewing the record, we conclude the evidence was legally and factually sufficient to support the trial court's order. As outlined above, appellant has held several jobs for relatively short durations since his divorce. Although a software engineer by occupation, he currently

works as a customer service representative for significantly lower pay. He was approximately $15,000 in arrears on his child support payments at the time of the hearing and even failed to pay the full amount of the reduced child support set forth in the trial court's temporary order. Although he currently has health insurance for his child, there was evidence that in the past he had let coverage lapse without notifying appellee. Moreover, appellant did not express a willingness to increase his net resources through additional employment, stating only that he had to care for another child. Appellant also presented no evidence of any attempts to look for a higher paying job or another software engineering position. Based on the record before us, we cannot conclude the trial court abused its discretion in ordering child support above the guidelines.

In points of error five, six, and seven, appellant complains about the sufficiency of the evidence to support the trial court's finding that he should pay monthly health insurance payments to appellee as additional child support. There was evidence appellant currently had health insurance for his child through his employer. As noted above, however, since the divorce, there have been lapses and changes in coverage based on appellant's work history. Appellee testified that as a result of these changes and lapses, she changed jobs so that she could provide her son with reliable health care coverage. Because the evidence was legally and factually sufficient to support the finding that appellant failed to keep health coverage on his child, the trial court did not abuse its discretion in ordering him to pay health insurance premiums to appellee as additional child support. We overrule points of error five, six, and seven.

In his eighth point of error, appellant complains that the amount of the trial court's support order is so high that it does not permit him to pay necessary expenses of living. Because appellant did not present this complaint to the trial court, he has not preserved this point of error for appellate review. Tex.R.App. P. 33.1. We overrule appellant's eighth point of error.

We affirm the trial court's order.