295 S.W.3d 424 (2009)
In the Interest of J.G.L., a Child.
No. 05-08-01124-CV.
Court of Appeals of Texas, Dallas.
August 28, 2009.
*425 Steven C. Bankhead, Dallas, TX, for Appellant.
Diane L. Snyder, Dallas, TX, for Appellee.
Before Justices MOSELEY, O'NEILL, and MURPHY.

*426 OPINION
Opinion By Justice MOSELEY.
After a bench trial, the trial court rendered a final decree of divorce for Angie Marilee Lewis (Wife) and Robert Kendall Lewis (Husband). Husband appeals the final divorce decree, contending that the trial court erred in: (a) finding Husband voluntarily underemployed as a basis for deviating from the child support award guidelines; and (b) dividing the equity of the marital residence in light of Wife's reimbursement claims. For the reasons discussed below, we sustain Husband's first issue and overrule his second issue. We modify the final decree of divorce in part by substituting $593.77 for $825 as the amount of Husband's monthly child support obligation. We affirm the final decree of divorce as modified.

I. BACKGROUND
The trial court found that Husband's monthly net resources were $4,779.90 in 2006, and $3,393.40 in 2007. The court further found Husband was obligated to support two children, one before the court and another from a previous marriage. The divorce decree shows the Texas Family Code guidelines direct child support payments of $593.77 per month based upon Husband's 2007 monthly net resources. The court, however, found that "testimony shows that the obligor [Husband] was voluntarily underemployed during 2007" and set child support payments at $825 per month.[1] Based upon these findings, the trial court awarded Wife child support payments of $825 per month.
When distributing the marital equity, the court awarded the first $55,000 from the sale of the residence to Wife. In doing so, the court indicated that there was a portion for reimbursement for expenditures on separate property "factored in."
Husband filed a request for findings of fact and conclusions of law. No findings were filed by the trial court, and Husband now appeals.
In his first issue, Husband contends the evidence is legally insufficient to support a finding of voluntary underemployment. Husband argues in his second issue that the trial court abused its discretion in awarding $55,000 of equity from the sale of their residence to Wife.

II. STANDARD OF REVIEW
We review a trial court's judgment on child support and division of the community estate for abuse of discretion. In re K.N.C., 276 S.W.3d 624, 626 (Tex. App.-Dallas 2008, no pet.) (citing Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Murff v. Murff, 615 S.W.2d 696, 698 (Tex.1981); Garner v. Garner, 200 S.W.3d 303, 306 (Tex.App.-Dallas 2006, no pet.)). Abuse of discretion occurs when a trial court acts in an "arbitrary and unreasonable manner" or "without reference to any guiding rules or principles." Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985). We cannot presume the trial court's judgment to be arbitrary or unreasonable if it is supported *427 with evidence of a "substantive and probative character." In re K.N.C., 276 S.W.3d at 626 (citing LaFrensen v. LaFrensen, 106 S.W.3d 876, 877 (Tex.App.-Dallas 2003, no pet.); In re P.J.H., 25 S.W.3d 402, 405 (Tex.App.-Fort Worth 2000, no pet.)).
When the abuse of discretion standard applies, complaints about the legal and factual sufficiency of the evidence are not independent grounds for asserting error, but are relevant factors in determining whether the award is arbitrary or unreasonable. See Pickens v. Pickens, 62 S.W.3d 212, 214 (Tex.App.-Dallas 2001, pet. denied); see also Dunn v. Dunn, 177 S.W.3d 393, 396 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). Legal sufficiency requires the evidence to be more than a scintilla when viewed in a light most favorable to the trial court's findings. Cameron v. Cameron, 158 S.W.3d 680, 683 (Tex. App.-Dallas 2005, pet. denied). In considering the evidence of record, however, we are mindful of our duty not to "substitute our judgment for that of the trial court." Gibson v. Ellis, 126 S.W.3d 324, 335 (Tex. App.-Dallas 2004, no pet.).

III. VOLUNTARY UNDEREMPLOYMENT
In his first issue, Husband contends the evidence is legally insufficient to support a finding of voluntary underemployment. We construe this as an assertion that the trial court abused its discretion in finding that Father was underemployed.

A. Applicable Law
The Texas Family Code requires courts to make specific findings if "the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines." TEX. FAM. CODE ANN. § 154.130(a)(3) (Vernon 2008). Trial courts must provide "specific reasons" for the variance between the child support percentage guidelines and the child support awarded. Id. § 154.130(b)(5). Otherwise, the law presumes the guideline child support payments are in the best interest of the child. Id. § 154.123(a) (Vernon 2008). A finding of voluntary underemployment, for example, allows the court to set child support at the "earning potential" rather than the actual earnings of the child support obligor. Id. § 154.066 (Vernon 2008).
To begin the voluntary underemployment analysis, the trial court contemplates the obligor's proof of current wages. In re K.N.C., 276 S.W.3d at 627; see also Zorilla v. Wahid, 83 S.W.3d 247, 253 (Tex. App.-Corpus Christi 2002, no pet.); DuBois v. DuBois, 956 S.W.2d 607, 610 (Tex. App.-Tyler 1997, no pet.). Once the obligor's wages are established, the burden shifts to the obligee to demonstrate the obligor's intent to decrease income for the purpose of reducing child support payments. In re K.N.C., 276 S.W.3d at 627. Evidence of intent, such as the circumstances of obligor's education, economic adversities, business reversals, business background, and earning potential, gives rise to an inference of voluntary underemployment. In re P.J.H., 25 S.W.3d at 405-06; see also In re K.N.C., 276 S.W.3d at 627. These factors, however, are not exhaustive. Roosth v. Roosth, 889 S.W.2d 445, 454 (Tex.App.-Houston [14th Dist.] 1994, writ denied); see, e.g., Garner, 200 S.W.3d at 303 (where the trial court considered the gifts and financial support of the obligor's extended family in determining his net resources).

B. Discussion
Husband's argument rests on his testimony and that of his employer, Lance McDade. McDade stated that by agreement Husband set his own schedule and did not work every day. He further testified *428 that he assigned Husband's projects and that Husband received a forty percent commission from the profits. McDade told the trial court that Husband earned $62,730 in 2005, $76,900 in 2006, and $54,300 in 2007. When asked about the earnings decline between 2006 and 2007, McDade indicated that he reduced Husband's workload based on Husband's emotional state and that his business decreased overall because of adverse economic conditions. He testified Husband did not ask for a reduction of his workload, and that he subsequently asked McDade to increase it. Husband told the court that in 2007 his income decreased more than the income of the business overall because McDade would assign more work in the downturn to those employees with lower commission percentages. There is no evidence to the contrary.
Wife argues that Husband is incorrect that she must provide evidence of intentional underemployment. The law, however, is clear regarding burden of proof in voluntary underemployment. See In re P.J.H., 25 S.W.3d at 405-06. Wife had the burden at trial to present evidence of underemployment as a specific basis for departing from child support guidelines applied to Husband's 2007 income. See, e.g., DuBois, 956 S.W.2d at 610 (where the court noted the mother's failure to provide evidence of voluntary underemployment). Such evidence must be of a "substantive and probative character" giving rise to an inference of intentional underemployment. She did not meet this burden.
Wife also argues that the trial court has discretion to weigh the testimony of the witnesses, along with the other circumstantial factors, to make a determination of whether Husband is intentionally underemployed. Wife is unclear as to what other factors she refers to. Moreover, as to the evidence, there is no conflicting evidence to weigh concerning underemployment. The only evidence presented is summarized above.
Wife relies on In re A.B.A.T.W., 266 S.W.3d 580 (Tex.App.-Dallas 2008, no pet.), to demonstrate that Husband and McDade's testimony created conflicting evidence which allowed the trial court to make a determination of Husband's intent. That case, however, is distinguishable. There, the mother presented evidence sufficient to raise an inference of intent to decrease income for the purpose of reducing child support payments. Id. at 585-86. In the instant case, Wife neither testified nor provided other evidence to contradict Husband's and McDade's testimony about Husband's intent to earn income.
Wife further argues that the trial court was not required to accept the evidence about earning income as true, relying on Garner, 200 S.W.3d at 307-08. Garner is distinguishable, as there, the court evaluated the father's testimony and other evidence in light of his burden to establish his current wages at the first step of voluntary underemployment analysis. Id. In the instant case, the trial court accepted Husband's proof of current wages. The burden of proof then shifted to Wife for the second step of voluntary underemployment analysis.
Moreover, although the trial court was not required to accept the testimony of Husband and his employer as true, its rejection of that testimony as not credible would still leave the trial court without any evidence that Husband intended to work less in order to reduce child support payments.
We conclude there is no evidence to support a finding of voluntary underemployment. See In re K.N.C., 276 S.W.3d at 627; In re P.J.H., 25 S.W.3d at 405-06. *429 Absent such evidence, we conclude the trial court abused its discretion when it found Husband voluntarily underemployed based on Husband's and McDade's testimony. See Downer, 701 S.W.2d at 241-42. We resolve Husband's first issue in his favor.

IV. DIVISION OF MARITAL RESIDENCE EQUITY
In his second issue, Husband argues that the trial court abused its discretion in awarding $55,000 of equity from the sale of the residence to Wife. Included in his argument, Husband notes that the trial court failed to enter findings of fact and conclusions of law. The record shows that Husband timely requested the findings of fact and conclusions of law. However, when the trial court failed to file them, Husband did not file a notice of past due findings, thus waiving his right to present a complaint about the absence. See In re Guthrie, 45 S.W.3d 719, 722 (Tex.App.-Dallas 2001, pet. denied).
Wife testified as to expenses she incurred with respect to another property of Husband's. Thus, the trial court had more than a scintilla of evidence before it relating to the issue of reimbursement, and the evidence was legally sufficient to allow the trial court to determine whether to include reimbursement claims in the division of residential equity. See In re K.N.C., 276 S.W.3d at 626. We conclude that the trial court did not abuse its discretion in dividing the equity of the marital residence in the award of $55,000 to Wife. We resolve Husband's second issue against him.

V. CONCLUSION
We modify the final decree of divorce in part by substituting $593.77 for $825 as the amount of monthly child support Husband is obligated to pay. See TEX.R.APP. P. 43.2(b). We affirm the trial court's final decree of divorce in all other respects.
NOTES
[1] The trial court stated that it applied Texas Family Code section 154.125(a). The record shows the court computed the child support per the guidelines in section 154.129, "Alternative Method of Computing Support for Children in More Than One Household." See TEX. FAM.CODE ANN. § 154.129 (Vernon 2008). Applied to Husband's 2006 monthly net resources, the trial court found that amount of child support payments equaled $836.48. Despite this finding, the trial court ordered child support of $825 per month, which leads us to infer that the trial court considered Husband's earning potential to be less than the 2006 figure.