**AFFIRM; and Opinion Filed May 21, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00448-CV**

## IN THE INTEREST OF K.S.H.U., A CHILD

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF 04-05704-Y**

### MEMORANDUM OPINION
Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Myers

Cherry Hall appeals the trial court's judgment denying her motion to enforce child support order against Marquel Underwood. Hall brings three issues on appeal, contending (1) the trial court abused its discretion by ruling that Hall failed to meet her burden of proof on the motion to enforce; (2) the trial court's ruling that Hall failed to meet her burden of proof was against the great weight and preponderance of the evidence; and (3) the trial court abused its discretion by not granting Hall's motion for new trial. We affirm the trial court's judgment.

### CHILD SUPPORT

In her first two issues, Hall challenges the trial court's determination that she did not meet her burden of proof on her motion to enforce child support order.

Hall is the mother of the child. On July 8, 2004, the trial court signed a purported agreed order finding Underwood was the child's biological father, appointing Hall as managing conservator and Underwood as possessory conservator, and ordering Underwood to pay Hall

child support of $500 per month. The order required Underwood to make the child support payments to the Texas Child Support Disbursement Unit, which would remit the funds to Hall. In about April 2010, Hall filed a motion to enforce the child support order, alleging Underwood had paid no child support, seeking child support arrearages plus interest, and requesting Underwood be found in contempt of court.[1] At the trial on the motion to enforce the child support order, Hall testified that Underwood paid no child support before April 2010, and she introduced the records of the Attorney General showing Underwood made no payments through the Child Support Disbursement Unit before April 2010. Hall testified that before April 2010, Underwood had made some payments into her bank account and provided gift cards for the child's benefit.

Underwood testified he did not sign the "agreed" order and that his signature on that document was forged. He also testified he did not know he was supposed to pay $500 per month by court order or that he was supposed to make child support payments through the Child Support Disbursement Unit. Underwood testified he signed an agreement with Hall to pay child support of $500 per month, and he testified they agreed he would pay the child support through deposits into Hall's bank account or into a debit-card account with Hall having one of the cards to access the funds in the account. Underwood presented evidence of his deposits under this agreement. Underwood testified he first learned he was supposed to make payments through the Child Support Disbursement Unit when he was served with this lawsuit, and he made his subsequent child support payments through that office.

The trial court denied Hall's motion to enforce, stating in the order that Hall "has failed to meet her burden of proof." In the court's findings of fact and conclusions of law, the court

---

[1] Hall's motion to enforce child support is not in the appellate record. However, Hall's allegations are apparent from the parties' testimony, and Underwood does not dispute that the relief Hall seeks is supported by her pleadings.

found (a) Underwood presented uncontroverted testimony he "was unaware of the court order until April 2010 and therefore did not pay through the child support registry until after that date and time"; (b) Hall and Underwood testified that Underwood supplied sums of money to Hall for the child; and (c) Hall and Underwood "agreed that they had additional agreements regarding the payment of child support." The trial court concluded (a) the child support order was unenforceable because Underwood did not know about the order until April 2010; and (b) although Underwood was unaware of the child support order, he satisfied his obligation to pay child support by paying child support directly to Hall for the benefit of the child.

We review a trial court's order on child support for an abuse of discretion. *In re J.G.L.*, 295 S.W.3d 424, 426 (Tex. App.—Dallas 2009, no pet.); *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). The trial court abuses its discretion when it acts in an "arbitrary and unreasonable manner" or "without reference to any guiding rules or principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 241–42 (Tex. 1985). If the trial court's decision is supported by evidence of a "substantive and probative character," then it is not an abuse of discretion. *In re K.N.C.*, 276 S.W.3d 624, 626 (Tex. App.—Dallas 2008, no pet.). When the abuse of discretion standard applies, complaints about the legal and factual sufficiency of the evidence are not independent grounds for asserting error; however, they are relevant factors in determining whether the award is arbitrary or unreasonable. *In re J.G.L.*, 295 S.W.3d at 427. In determining whether a judgment is against the great weight and preponderance of the evidence or supported by factually insufficient evidence, we examine the entire record and will set aside the finding only if it is so contrary to the evidence as to be clearly wrong and unjust. *Cameron v. Cameron*, 158 S.W.3d 680, 683 (Tex. App.—Dallas 2005, pet. denied); *Knight v. Knight*, 131 S.W.3d 535, 538 (Tex. App.—El Paso 2004, no pet.).

Hall argues she met her burden of proof by presenting evidence of (a) the 2004 order requiring Underwood to make child support payments through the Child Support Disbursement Unit; (b) the records of the Child Support Disbursement Unit showing Underwood made no payments through it before April 2010; and (c) Hall's testimony that Underwood paid no child support from 2004 through March 2010. However, she does not challenge the trial court's findings of fact and conclusions of law that the 2004 order was unenforceable, that Underwood was unaware of the 2004 order until April 2010, that Hall and Underwood had other agreements for payment of child support, and that Underwood had made sufficient direct payments directly to Hall to satisfy his obligation to pay child support.

"When findings of fact are filed and are unchallenged, as here, they occupy the same position and are entitled to the same weight as the verdict of a jury." *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986). The court's findings "are binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *Id.*; *see Motley v. Motley*, 390 S.W.3d 689, 696 (Tex. App.—Dallas 2012, no pet.). Because Hall does not challenge the trial court's findings of fact, which are supported by Underwood's testimony and evidence, they are binding on this Court and support the trial court's judgment denying Hall's motion to enforce the court's child support order. Moreover, the trial court's order denying the motion to enforce was not against the great weight and preponderance of the evidence because Underwood testified his signature agreeing to the order was forged, he was unaware of the terms of the agreed order including the requirements that he pay $500 per month to the Child Support Disbursement Unit, he had separate child support agreements with Hall, and he paid child support under those agreements.

We overrule Hall's first and second issues.

## MOTION FOR NEW TRIAL

In her third issue, Hall contends the trial court abused its discretion by not granting her motion for new trial. Whether to grant or deny a motion for new trial is an issue within the trial court's discretion, and the trial court's action will not be disturbed on appeal absent an abuse of discretion. *In re J.P.*, 365 S.W.3d 833, 836 (Tex. App.—Dallas 2012, no pet.); *Strong v. Strong*, 350 S.W.3d 759, 772 (Tex. App.—Dallas 2011, pet. denied).

The trial court took the case under advisement on June 7, 2011. On December 8, 2011, Underwood made a settlement offer to Hall offering to settle the case, including paying child support arrearage of $10,000. The offer required an acceptance "by end of business on December 15, 2011." On December 21, Hall responded by fax purporting to accept the offer. On December 28, the trial court issued its order denying Hall's motion for enforcement of child support. Hall filed a motion for new trial stating the case was settled by the parties on December 21, 2011 and attaching the offer and acceptance letters. Hall's motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

On appeal, Hall argues the trial court abused its discretion by not granting the motion for new trial because the parties had settled the case the week before the court issued its order. When Hall purported to accept the offer on December 21, the offer had expired at the "end of business on December 15." Where a settlement offer contains a specific deadline for acceptance, the deadline must be met to create a contract unless the "original offeror thereafter manifests his assent to the other party." *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) (quoting *Town of Lindsay v. Cooke Cnty. Elec. Coop. Ass'n*, 502 S.W.2d 117, 118 (Tex. 1973)); *In re Robinson*, 335 S.W.3d 776, 783 (Tex. App.—Amarillo 2011, orig. proceeding [mand. denied]). Hall's untimely acceptance of Underwood's settlement offer did not create a contract, and nothing in the record shows Underwood "manifest[ed] his assent" to Hall's late acceptance. Because the

–5–

record does not show a settlement agreement was in place when the court issued its order, Hall's assertion that the parties had settled the case was not supported by the record.

Hall has not shown the trial court abused its discretion by not granting her motion for new trial. We overrule Hall's third issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

120448F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.S.H.U., A
CHILD

No. 05-12-00448-CV

On Appeal from the 330th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF 04-05704-Y.
Opinion delivered by Justice Myers.
Justices Bridges and FitzGerald
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Marquell Underwood recover his costs of this appeal from
appellant Cherry Hall.

Judgment entered this 21st day of May, 2013.

/Lana Myers/
LANA MYERS
JUSTICE