**REVERSE and REMAND; and Opinion Filed October 31, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01001-CV

## IN THE INTEREST OF P.G.G., B.N.G., AND R.T.G., MINOR CHILDREN

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF05-03154-R**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Fillmore

In two issues, Jeffrey Thomas George (Jeffrey) asserts the trial court erred by confirming a child support arrearage and a medical support arrearage because (1) the record does not support the amount of the arrearages awarded for the time periods set out in the trial court's order, and (2) pursuant to the divorce decree, his support obligations were abated while he was incarcerated. We reverse the trial court's order and remand this case for further proceedings. We issue this memorandum opinion because the law to be applied in this case is well-settled. *See* TEX. R. APP. P. 47.1.

### Background

Jeffrey and Kay Warrick George (Kay) married in 1994 and had three children, P.G.G., B.N.G., and R.T.G. Jeffrey and Kay divorced in June 2006. Kay was named the sole managing conservator of the children, and Jeffrey was required to pay $1,800 per month in child support and to provide medical support of the children by furnishing health insurance, if insurance was

available to him, or by paying the premium for health insurance available in connection with Kay's employment. The divorce decree provided:

> Should Jeffrey Thomas George be incarcerated in a full detention facility that prevents him from any employment for a period in excess of thirty days, his child support and medical support shall be abated from the date of his incarceration until the first day of the month next after his release.[1]

Jeffrey was incarcerated in the federal prison system in October 2006. He was confined in a facility in Bastrop, Texas for approximately twenty-five months and then was transferred to a facility in Leavenworth, Kansas. He was released to a halfway house in November 2009 and released on "probation" in May 2010. While Jeffrey was incarcerated in Bastrop and Leavenworth, he was required to work at various prison jobs and was compensated for the work. Further, while Jeffrey was living in the halfway house, he was employed in a seasonal job for a tax preparation company. Jeffrey did not pay child support or medical support while he was incarcerated or while he was living in the halfway house.

After he was released from the halfway house, Jeffrey paid some child support, but not the full amount ordered by the decree. In December 2010, the trial court granted Jeffrey's motion to reduce his support obligations and, according to Kay, ordered Jeffrey to pay $495 for both child support and medical support.[2] Kay then filed a motion to enforce, seeking to hold Jeffrey in contempt of court for not paying all required child support and medical support from the time the divorce was granted and to confirm child support and medical support arrearages. At trial, Kay testified that she believed the amount of the child support arrearage between June 29, 2006 and September 6, 2011 was $92,587.36 and the medical support arrearage between June, 29 2006 and September 6, 2011 was $8,860.

---

[1] The divorce decree is not in the appellate record. However, the parties do not dispute that Jeffrey was required to pay child support and medical support under the decree. The parties also do not dispute the decree contained the quoted language regarding the circumstances under which Jeffrey's child support and medical support obligations would be abated.

[2] The trial court's order modifying Jeffrey's support obligations is not in the record.

The trial court held Jeffrey in contempt of court for failing to pay ordered child support on seven occasions between August 26, 2010 and January 1, 2011, and for failing to pay medical support in January 2010 and February 2010, and ordered Jeffrey confined in the Dallas County jail for sixty days for each violation with the confinement on each violation to run concurrently. The trial court also confirmed a child support arrearage of $92,587.36 for the period August 26, 2010 through January 1, 2011 and a medical support arrearage of $8,860.00 for the period January 2010 through February 2010. The trial court ordered Jeffrey's confinement be suspended on the conditions that Jeffrey pay (1) $400 per month toward the child support arrearage, (2) $100 per month toward the medical support arrearage, (3) $2,500 in attorney's fees to Kay's attorney by May 31, 2012, and (4) all current child support and medical support as ordered by the court.

## Analysis

In two issues, Jeffrey asserts the trial court erred by confirming the child support and medical support arrearages because (1) "there is no support in the reporters record" for the amount of arrearages awarded for the time periods set out in the order, and (2) under the terms of the divorce decree, Jeffrey's support obligations were abated while he was incarcerated.

We will not overturn a trial court's order regarding child support unless the trial court clearly abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.) (reviewing trial court's confirmation of child support arrearage under abuse-of-discretion standard). "A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles" or by failing to analyze or apply the law correctly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). However, there is no abuse of discretion if evidence of a "substantive and probative character" supports the trial court's order and the trial court correctly applies the law to

the facts. *In re K.N.C.*, 276 S.W.3d 624, 625 (Tex. App.—Dallas 2008, no pet.); *see also Iliff*, 339 S.W.3d at 78; *In re K.S.H.U.*, No. 05-12-00448-CV, 2013 WL 2244344, at *2 (Tex. App.—Dallas May 21, 2013, no pet.) (mem. op.).

Because the traditional sufficiency standards of review overlap with the abuse-of-discretion standard in family law cases, legal and factual sufficiency of the evidence are not independent grounds of error, but are relevant factors in our assessment of whether the trial court abused its discretion. *In re J.G.L.*, 295 S.W.3d 424, 427 (Tex. App.—Dallas 2009, no pet.); *see also In re K.S.H.U.*, 2013 WL 2244344, at *2. To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we apply a two prong analysis. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). First, we consider whether the trial court had sufficient evidence upon which to exercise its discretion. *Id.* We then determine whether, based on the evidence, the trial court erred in its exercise of that discretion. *Id.* We conduct the applicable sufficiency review with regard to the first question. *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 867 (Tex. App.—Dallas 2011, no pet.). We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.*

In determining whether there is legally sufficient evidence to support a finding, we examine the record for evidence and inferences that support the challenged finding, considering evidence favorable to the finding if a reasonable fact finder could and disregarding evidence contrary to the finding unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally insufficient only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence established conclusively the opposite of a vital fact. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010);

*Gonzalez*, 331 S.W.3d at 867. In a factual sufficiency review, we consider the entire record and will set aside the finding only if it is so contrary to the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Cameron v. Cameron*, 158 S.W.3d 680, 683 (Tex. App.—Dallas 2005, pet. denied). When, as here, the trial court does not file findings of fact and conclusions of law, it is implied that the trial court made all findings necessary to support the trial court's order. *In re A.L.S.*, 338 S.W.3d 59, 65 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

In calculating child support arrearages, the trial court's discretion is very limited. *Id*. A trial court "may not reduce or modify the amount of child support arrearages" except as specifically provided in the family code. TEX. FAM. CODE ANN. § 157.263(b-1) (West Supp. 2013); *see also Beck*, 154 S.W.3d at 903. Although the trial court can award certain offsets and credits, the trial court has no discretion to forgive or decrease a past child support obligation. *See* TEX. FAM. CODE ANN. § 157.263(b-1); *George v. Jeppeson*, 238 S.W.3d 463, 472 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Thus, in a proceeding to confirm child support arrearages, the trial court's child support calculations must be based on the payment evidence presented, not on the trial court's assessment of what is fair or reasonable. *In re A.L.S.* 338 S.W.3d at 66. The trial court "acts as a 'mere scrivener' in 'mechanically' tallying the amount of arrearage." *Beck*, 154 S.W.3d at 903 (quoting *Curtis v. Curtis*, 11 S.W.3d 466, 471 (Tex. App.—Tyler 2000, no pet.)).

Jeffrey first argues the evidence is insufficient to support the trial court's order awarding Kay a child support arrearage of $92,587.36 for the period August 26, 2010 through January 1, 2011 and a medical support arrearage of $8,860 for the period January 2010 through February 2010. Jeffrey was required by the divorce decree to pay $1,800 per month in child support and medical support of the children in the amount of the actual health insurance premium at the time of payment. Jeffrey admitted that, between August 26, 2010 and January 1, 2011, he did not pay

all the ordered support. Accordingly, we conclude the trial court did not abuse its discretion by determining there was a child support and medical support arrearage for the period between August 26, 2010 and January 1, 2011.

As to the amount of the arrearages, Jeffrey was ordered to pay $1,800 per month in child support between June 29, 2006 and December 31, 2010 as well as medical support in the amount of the actual health insurance premium. Effective January 1, 2011, Jeffrey's child support and medical support obligations were reduced to $495 per month. Kay testified that she believed the amount of Jeffrey's child support arrearage from June 29, 2006 through September 6, 2011 was $92,587.36 and the amount of Jeffrey's medical support arrearage for the same time period was $8,860. Accordingly, the record does not support the trial court's determination that the amount of the child support arrearage between August 26, 2010 and January 1, 2011 was $92,587.36 or that the amount of the medical support arrearage for January and February of 2010 was $8,860.[3]

We conclude the trial court abused its discretion by confirming a child support arrearage of $92,587.36 for the period August 26, 2010 through January 1, 2011 and for a medical support arrearage of $8,860 for the period January 2010 through February 2010. Accordingly, we resolve Jeffrey's first issue in his favor and reverse and remand to the trial court to determine the amount of child support arrearage and medical support arrearage to which Kay may be entitled. *See Office of Att'y Gen. of Tex. v. Burton*, 369 S.W.3d 173, 175–76 (Tex. 2012) (per curiam) (reversing and remanding when there was no evidence to support trial court's determination of

---

[3] Chapter 157 of the family code governs motions for enforcement of child support, including confirmation of child support arrearages. TEX. FAM. CODE ANN. § 157.001–.426 (West 2008 & Supp. 2013); *In re A.S.G.*, 345 S.W.3d 443, 449 (Tex. App.—San Antonio 2011, no pet). An enforcement order must include:

    (1)  in ordinary and concise language the provisions of the order for which enforcement was requested;
    (2)  the acts or omissions that are the subject of the order;
    (3)  the manner of the respondent's noncompliance; and
    (4)  the relief granted by the court.

TEX. FAM. CODE ANN. § 157.166(a) (West 2008). Here, the trial court found the acts or omissions that were the subject of the trial court's order were Jeffrey's failure to pay all ordered child support between August 26, 2010 and January 1, 2011 and all ordered medical support from January 2010 through February 2010. We are not free to disregard this finding merely because the evidence addressed a longer period of time during which Kay alleged that Jeffrey failed to pay all ordered support.

arrearage owed); *In re E.C.*, No. 13-04-00002-CV, 2005 WL 1244615, at \*6 (Tex. App.—Corpus Christi May 25, 2005, no pet.) (mem. op.) (reversing and remanding case where amount of arrearage not adequately proved). Based on our disposition of Jeffrey's first issue, we need not address his second issue. *See* TEX. R. APP. P. 47.1; *Granado v. Meza*, 398 S.W.3d 193, 195 (Tex. 2013) (per curiam).


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


121001F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF P.G.G., B.N.G., AND R.T.G., MINOR CHILDREN

No. 05-12-01001-CV

On Appeal from the 254th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. DF05-03154-R.
Opinion delivered by Justice Fillmore,
Justices Bridges and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 31st day of October, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE