**MODIFY and AFFIRM; and Opinion Filed June 15, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00185-CV

## IN THE INTEREST OF D.P.B. AND D.Z.B.

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-05-12682**

# MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Lang-Miers

The trial court granted Father's motion to modify an April 29, 2015 order in this suit affecting a parent-child relationship. Mother appeals, contending the trial court erred by denying her motion for continuance, ordering her to pay Father "cash medical support" of $528.00 per month, and failing to dismiss the case when Father did not timely present an order to the court. Because Father did not meet his burden to prove a material change in circumstances regarding the children's medical support, we modify the trial court's order to delete those provisions, and affirm the trial court's order as modified.

## BACKGROUND

Mother and Father are the parents of D.P.B. and D.Z.B. In 2005, Mother and Father entered into an agreed child support review order appointing them joint managing conservators of D.P.B. The clerk's record does not contain the trial court's original order regarding D.Z.B. On April 29, 2015, the trial court rendered an "Order in Suit to Modify Parent Relationship" (the "2015 Order").

On October 7, 2016, Mother filed a first amended petition to modify parent-child relationship.[1] Father filed a counter-petition to modify the 2015 Order on October 31, 2016. The trial court held a hearing on these petitions on November 7, 2016. The reporter's record reflects that at the time of the hearing, Mother had nonsuited her petition to modify. The trial court denied Mother's oral request to continue the hearing on the motion Father filed and proceeded to hear testimony from both Father and Mother. In its memorandum ruling of November 7, 2016, the trial court found "there has been a material and substantial change in circumstance in the children or a parent that warrants a modification" of the 2015 Order. The trial court's November 7, 2016 memorandum ruling includes an order that "Mother is Ordered to pay cash medical support to the Father in the amount of $528.00 per month beginning December 1, 2016 and every first of the month thereafter."[2] The memorandum ruling concludes: "The Case is set on 8.02 enter order or dismiss November 18, 2016 @ 9:00 a.m. If an Order is not presented to the Court on or before November 18, 2016 @ 9:00 a.m. the case will be dismissed."

The trial court signed an "Order in Suit to Modify Parent Child Relationship" on November 21, 2016 (the "2016 Order"). This appeal followed.

## STANDARD OF REVIEW

We review the trial court's decision to modify child support or conservatorship for an abuse of discretion. *In re P.C.S.,* 320 S.W.3d 525, 530 (Tex. App.—Dallas 2010, pet. denied); *In re C.C.J.,* 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *In re P.C.S.,* 320 S.W.3d at 530. In family law cases, traditional sufficiency standards of review overlap with the abuse-of-discretion standard. *In re A.P.B.*, 291 S.W.3d 91, 95 (Tex.

---

[1] Mother's amended petition sought to modify an order dated April 1, 2015. Neither Mother's original petition to modify nor an April 1, 2015 order is included in the appellate record.

[2] The court modified the 2015 Order in other ways that are not challenged on appeal.

–2–

App.—Dallas 2009, no pet.). Challenges to the sufficiency of the evidence do not constitute independent grounds for asserting error, but are relevant factors in determining whether the trial court abused its discretion. *In re P.C.S.*, 320 S.W.3d at 531. To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its exercise of discretion. *In re A.P.B.*, 291 S.W.3d at 95. We conduct the applicable sufficiency review with regard to the first question. *Id.* A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *In re C.C.J.,* 244 S.W.3d at 917.

We also review the denial of a motion for continuance for abuse of discretion. *In re T.A.S.*, No. 05-15-01101-CV, 2016 WL 279385, at *3–4 (Tex. App.—Dallas Jan. 22, 2016, no pet.) (mem. op.) (citing *Wal-Mart Stores, Tex., LP v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied)). The denial will be reversed only if the trial court's action was arbitrary, unreasonable, or without reference to any guiding rules or principles. *Id.* (citing *Garner v. Fidelity Bank, N.A.*, 244 S.W.3d 855, 858 (Tex. App.—Dallas 2008, no pet.)).

## DISCUSSION

### A. Continuance

In her first issue, Mother contends the trial court erred by denying her motion for continuance. When a party moves for continuance, rule 251 requires the party to show sufficient cause supported by affidavit, consent of the parties, or by operation of law. TEX. R. CIV. P. 251. Mother's oral motion[3] did not meet the requirements of rule 251.

---

[3] Although the index to the clerk's record reflects that a motion for continuance was filed on the day of the hearing, there is no written motion in the appellate record.

Generally, when a movant fails to comply with rule 251's requirement that the motion for continuance be "supported by affidavit," an appellate court must presume the trial court did not abuse its discretion by denying the motion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986). Because Mother's oral motion does not satisfy the requirements of rule 251, the trial court did not abuse its discretion by denying it. *See In re A.M.,* 418 S.W.3d 830, 838 (Tex. App.—Dallas 2013, no pet.); *Strong v. Strong,* 350 S.W.3d 759, 762 (Tex. App. Dallas 2011, pet. denied).

Mother argues, however, that by his counter-petition, Father instituted an original suit. She contends that she should have been served with process, and she argues that other requirements of the rules of civil procedure for original suits should have been satisfied but were not. Father's counter-petition, however, was filed on October 31, 2016, when Mother's petition to modify had been pending for a year. Numerous motions for temporary orders had been filed and heard during that year. Mother also filed a first amended petition to modify on October 7, 2016, a month before trial. Consequently, under the rules of civil procedure, Mother had "appeared" in the suit, and could be served with Father's counter-petition by either service of citation or as provided in rule 21a. *See* TEX. R. CIV. P. 120 (defendant's appearance in open court has same force and effect as if citation had been duly issued and served as provided by law); TEX. R. CIV. P. 124 (when party asserts counterclaim against another party who has entered an appearance, counterclaim may be served in any manner prescribed for service of citation or as provided in rule 21a); TEX. R. CIV. P. 21a (methods of service, including mail, fax, or by electronic service); TEX. FAM. CODE ANN. § 156.004 (Texas Rules of Civil Procedure applicable to filing of original lawsuit apply to suit for modification under family code Chapter 156). Father's counter-petition recited that "[n]o process is necessary at this time as Counter-Respondent has already made an appearance in this cause." Father's counter-petition also contained a certificate of service by his attorney, stating that the counter-petition was served in accordance with the rules of civil procedure. No further service was

required. *See In re A.L.H.C.*, 49 S.W.3d 911, 916–17 (Tex. App.—Dallas 2001, pet. denied) (where mother was served with rule 21a notice of counterclaim seeking termination of her parental rights, and thereafter entered an appearance in the proceedings, no further service was required).

Mother also complains that under rule 190, Father's counter-petition should have been governed by a discovery control plan. *See* TEX. R. CIV. P. 190.1 (every case must be governed by discovery control plan). But Mother's operative petition already recited that discovery should be conducted under level two of rule 190. *See* TEX. R. CIV. P. 190.3 (Discovery Control Plan-by Rule (Level 2)). In addition, the rules require that if a continuance is sought on the ground that additional discovery is needed, the movant must aver by affidavit that the matters to be discovered are material, show the materiality of the discovery, and show that she has used due diligence to procure the matters. *See* TEX. R. CIV. P. 252; *O'Connor v. O'Connor*, 245 S.W.3d 511, 516 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Mother did not provide the required affidavit to the trial court. We decide Mother's first issue against her.

## B. Medical Support

In her second issue, Mother challenges the trial court's order "to pay cash medical support" of $528.00 per month to Father. A trial court's order pertaining to health insurance for the children will not be reversed on appeal unless the complaining party can show a clear abuse of discretion. *Sink v. Sink*, 364 S.W.3d 340, 347 (Tex. App.—Dallas 2012, no pet.). The trial court may modify a previous child support order if the "circumstances of the child or a person affected by the order have materially and substantially changed since . . . the date of the order's rendition." TEX. FAM. CODE ANN. § 156.401(a)(1) (West Supp. 2017). As movant, it was Father's burden to show the requisite material and substantial change in circumstances since the entry of the previous order. *Cameron v. Cameron*, 158 S.W.3d 680, 682 (Tex. App.—Dallas 2005, pet. denied). The trial court must examine and compare the circumstances of the parents and children at the time of the initial

order with the circumstances existing at the time modification is sought. *In re C.C.J.*, 244 S.W.3d at 917. The record must contain both historical and current evidence of the relevant person's financial circumstances. *Id.* at 917–18. Without both sets of data, the court has nothing to compare and cannot determine whether a material and substantial change has occurred. *Id.* at 918.

The challenged paragraph of the 2016 Order provides:

> Pursuant to section 154.182 of the Texas Family Code, [Mother] is ORDERED to pay [Father] cash medical support for reimbursement of health insurance premiums, as additional child support, of five hundred twenty-eight dollars and zero cents ($528.00) per month, with the first installment being due and payable on December 1, 2016 and a like installment being due and payable on or before the first day of each month until the termination of the current child support for all children under this order.

A trial court "shall order medical support for the child as provided by Subchapters B and D." TEX. FAM. CODE ANN. § 154.008 (West 2014). Under the 2015 Order, Father was required to continue to maintain health insurance for the children through his employment. The 2016 Order again continued this requirement, but for the first time ordered Mother to reimburse Father for medical support. The 2016 Order also added a requirement that Mother pay child support to Father; the 2015 Order had provided that "neither party shall pay periodic payments of child support to the other."

Section 154.182 of the family code addresses health care coverage for children in a suit affecting the parent-child relationship. In the 2015 Order, the trial court made the findings required by subsection (b) of section 154.182 to support its order that Father obtain health insurance for the children through his employment. *See* TEX. FAM. CODE ANN. § 154.182(b) (West 2014). But because Mother was not ordered to pay child support under the 2015 Order, the provisions in subsection (b-1) regarding reimbursement were not addressed. *See id.* § 154.182(b-1). Under the 2016 Order, Mother became an "obligor" of child support for purposes of subsection (b-1), and Father was an "obligee" ordered to pay for health insurance coverage. *See id.* Subsection (b-1)

provides in relevant part that "[i]f the parent ordered to provide health insurance under Subsection (b)(1) or (b)(2) is the obligee, the court shall order the obligor to pay the obligee, as additional child support, an amount equal to the actual cost of health insurance for the child, but not to exceed a reasonable cost to the obligor." *Id.* § 154.182(b-1). "Reasonable cost" is defined in section 154.181(e) as "the total cost of health insurance coverage for all children for which the obligor is responsible under a medical support order that does not exceed nine percent of the obligor's annual resources, as described by Section 154.062(b)." *Id.* § 154.181(e) (referenced as definition of "reasonable cost" under § 154.182(c)(2)); *see also Sink*, 364 S.W.3d at 347 (discussing medical support under § 154.182).

But there is no provision in the 2016 Order addressing "reasonable cost" to Mother. Instead, in paragraph 12.1 of the 2016 Order, "reasonable cost" is defined only with respect to Father, as "the total cost of health insurance coverage for all children for which [Father] is responsible under a medical support order that does not exceed 9 percent of [Father's] annual resources, as described by section 154.062(b) of the Texas Family Code."

In his counter-petition to modify, Father alleged that "[t]he previous order should be modified to require Counter-Respondent to reimburse Counter-Petitioner for the full cost of said health, vision and dental insurance provided for the children." He did not allege that a material and substantial change in circumstances had occurred warranting modification of the 2015 Order's provisions regarding health insurance. *See* TEX. FAM. CODE ANN. § 156.401(a)(1) (court may modify previous order if circumstances of child or person affected by order have materially and substantially changed since date of order's rendition). At the hearing, Father testified:

> Q. And are you, over the course of—correct me if I'm wrong, but I believe over the course of the boys', at least last several years, you have maintained through your employment their health insurance; is that correct?
>
> A. I have.

Q. And approximately what is the monthly cost to you for just maintaining your two boys on your health insurance?

A. It is $528 per month.

Q. Are you requesting this Court order [Mother] to reimburse you for that expense?

A. I am.

Q. Do you prefer to maintain the health insurance for the children?

A. I do.

Q. Why is that?

A. Because I want to ensure that it is taken care of and that that financial responsibility is maintained.

Q. And of course the two of you would continue to split uninsured 50/50?

A. Correct.

Father offered no evidence to show any change in circumstances that required this modification in the trial court's orders regarding medical insurance for the children. He admitted on cross-examination that he did not provide any documentation for or verification of the $528 amount at trial. Nor did he describe any change in circumstances in his motion to modify.

Mother contends that the trial court erred because the amount she was ordered to pay is "in gross excess of the statutory limit for reasonable cost to the Mother, as obligor." Mother testified that her gross annual income is $19,000. She argues that the trial court's order requires her to pay over one-third of her income, in violation of the family code's nine percent limit.

The court asked Mother the following questions:

THE COURT: Are you currently employed?

[MOTHER]: I am.

THE COURT: Where do you work?

[MOTHER]: I—Uber.

THE COURT: And how much do you make?

[MOTHER]: About the same as I've always made, about $19,000 a year.

THE COURT: Do you have health insurance for the children?

[MOTHER]: I do.

THE COURT: How?

[MOTHER]: They have CHIP.

THE COURT: Do you have proof of that today?

[MOTHER]: I may have something in my briefcase actually, Your Honor.

Although the trial court was the sole judge of Mother's credibility and the weight to be given her testimony, *In re M.A.M.*, 346 S.W.3d 10, 14 (Tex. App.—Dallas 2011, pet. denied), Father did not offer any evidence on which the trial court could rely in determining whether $528.00 per month was a "reasonable cost" to Mother under family code sections 154.181(e) and 154.182(c)(2). Nor did Father provide evidence to support his contention that a material and substantial change had occurred, warranting modification in the trial court's 2015 Order. Consequently, we conclude the trial court abused its discretion in its ruling that Mother must "pay cash medical support to the Father in the amount of $528.00 per month beginning December 1, 2016 and every first of the month thereafter." *See In re C.C.J.*, 244 S.W.3d at 917–18. We sustain Mother's second issue. *See In Interest of B.W.S.*, 05-15-01207-CV, 2016 WL 7163866, at *4 (Tex. App.—Dallas Nov. 28, 2016, no pet.) (mem. op.) (where father offered no evidence of material and substantial change in circumstances, and no evidence by which to compare current and historical financial circumstances, trial court abused its discretion by increasing mother's medical support obligation).

### C. Failure to Dismiss

The concluding paragraph in the trial court's November 7, 2016 memorandum ruling states, "The Case is set on 8.02 enter order or dismiss November 18, 2016 @ 9:00 a.m. If an Order is not presented to the Court on or before November 18, 2016 @ 9:00 a.m., the case will be dismissed." In her third issue, Mother contends that because the trial court did not sign the 2016 Order until November 21, 2016, the case should have been dismissed.

Rule 8.02 of the Local Rules of the Family District Courts of Dallas County, Texas, provides that "Unless ordered otherwise, within thirty days after rendition . . . [the parties] shall cause decisions or settlements of any kind to be reduced to writing. Upon failure to furnish the Court Clerk/Administrator with such a judgment or order finally disposing of a case, or to request extension of the filing or to set a motion for entry, the Court shall enter an order of dismissal without prejudice with costs taxed at the Judge's discretion." Rule 8.02 is included in Part VIII of the rules, entitled "Dismissal for Want of Prosecution." Rule 8.01 includes a list of "actions resulting in a case being dismissed for want of prosecution." Rule 8.01(c), "failure to comply with Rule 8.02," is one of the actions listed.

The 2016 Order recites, "This Order judicially PRONOUNCED AND RENDERED in court at Dallas, Dallas County, Texas, on November 7, 2016, and further memorialized via the court's Memorandum Ruling on the same date, but SIGNED on this ____ day of _____, 2016." In the latter blank is a date stamp of November 21, 2016, and the order is signed by the "Judge Presiding, the Judge of the 256th District Court sitting for the Judge of the 255th District Court." The 2016 Order is signed by Father's counsel and by Mother. Both signatures are under the notation, "Approved as to form only."

There is no indication in the record when the order was "presented to the Court" pursuant to the memorandum ruling; the only date reflected in the record is the date the court signed the

–10–

2016 Order. Under the trial court's November 7 ruling, an order was due on Friday, November 18. The court signed the order on Monday, November 21. "We presume the regularity of a judgment absent controverting matter in the record." *Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 738 (Tex. App.—El Paso 2004, no pet.). Even assuming rule 8.02 required the trial court to dismiss the case if a proposed order were not presented on November 18, there is nothing in the record to show it was not "presented" in accordance with the rule. We decide Mother's third issue against her.

## CONCLUSION

The record does not support the trial court's finding of a "material and substantial change in circumstance" since the rendition of the prior order with respect to payment of "cash medical support" by Mother to Father. *See In re C.C.J.*, 244 S.W.3d at 917–18. Accordingly, we modify the trial court's November 21, 2016 Order in Suit to Modify Parent Child Relationship to delete the provisions requiring Mother to pay cash medical support for reimbursement of health insurance premiums as additional child support in the amount of $528.00 per month, and affirm as modified.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


170185F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF D.P.B. AND
D.Z.B.,

No. 05-17-00185-CV

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-05-12682.
Opinion delivered by Justice Lang-Miers;
Justices Evans and Schenck, participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** to delete the following provisions on page 18:

Pursuant to section 154.182 of the Texas Family Code, [Mother] is ORDERED to pay [Father] cash medical support for reimbursement of health insurance premiums, as additional child support, of five hundred twenty-eight dollars and zero cents ($528.00) per month, with the first installment being due and payable on December 1, 2016 and a like installment being due and payable on or before the first day of each month until the termination of the current child support for all children under this order.

IT IS FURTHER ORDERED that the Income Withholding Order for Support authorized above in this order shall include the cash medical support payments ordered herein. However, in the event of any increase in the children's health insurance premiums, [Mother] is ORDERED to pay the increased amount directly to the state disbursement unit as specified below, with the first installment being due and payable on the first day of the first month after [Mother] receives written notice of the increased amount. That written notice shall include documentation from the insurance carrier and/or [Father's] employer evidencing the actual cost of the children's health insurance coverage. In the event of any decrease in the children's health insurance premiums, [Father] IS ORDERED to notify [Mother] of the change within thirty days and thereafter reimburse [Mother] at [Mother's] last known address for each overpayment within five days of [Father's] receipt thereof.

IT IS FURTHER ORDERED that all cash medical support payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O.

–12–

Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to [Father] for the support of the children.

IT IS ORDERED that the case [sic] medical support provisions of this order shall be an obligation of the estate of [Mother] and shall not terminate on her death.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 15th day of June, 2018.