Jaime **GONZALEZ**, Appellant,

v.

Celia D. **GONZALEZ**, Appellee.

No. 05–09–01465–CV.

Court of Appeals of Texas,
Dallas.

Jan. 27, 2011.

Wayne Sorrels, Plano, TX, for Appellant.

Vincent Chuks Ndukwe, Law Office of MNC Vincent & Associates, Dallas, TX, for Appellee.

Before Justices FITZGERALD, LANG–MIERS, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

In this restricted appeal of a default divorce decree, Jaime Gonzalez contends the evidence is legally insufficient to support the trial court's findings regarding the parentage of one child, the amount of child support Jaime is required to pay, and the division of the marital estate. We affirm the judgment in part, reverse the judgment in part, and remand the case to the trial court for further proceedings.

## Background

Celia Gonzalez filed for divorce from Jaime and sought to be named sole managing conservator of the children, M.E. and D.G. Although Jaime was served with the petition, he did not file an answer and did not appear at the prove-up hearing.

At the hearing, Celia answered, "yes" when asked whether she was married to Jaime. Celia also answered, "yes" when asked if she and Jaime had two children born during the marriage. Celia answered, "correct" when asked if she was requesting that the children primarily live with her and that the trial court order Jaime to pay child support. She also responded, "yes" when asked if she was requesting that the trial court award her the marital residence, allow her to keep all property in her possession, and allow Jaime to keep all property in his possession. She responded, "yes," when asked whether she believed "that to be fair and just."

The trial court granted the divorce on July 24, 2009. In the divorce decree, the trial court found that Celia and Jaime were the parents of M.E. and D.G. The trial court appointed Celia and Jaime joint managing conservators of the children, granted Celia the right to designate the primary residence of the children, and ordered Jaime to pay $750 per month in child support. The trial court divided the marital estate and awarded Jaime a television, a couch, personal effects and cash in his possession, all sums in retirement plans from his employment, a 1996 GMC truck, and all tools and equipment relating to his painting business. Celia was award-

ed the marital residence, all household goods, personal effects, and cash in her possession, all sums in retirement plans from her employment, and a 1995 Chevrolet Suburban. The trial court also divided the marital debt, requiring Jaime to pay an $8,000 debt owed to Chase Bank and Celia to pay the note owed on the marital residence. On December 10, 2009, Jaime perfected this restricted appeal. *See* TEX. R.APP. P. 26.1(c), 30.

## Discussion

A restricted appeal must (1) be brought within six months after the judgment was signed; (2) by a party to the underlying lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) complain of error apparent on the face of the record. TEX.R.APP. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex.2009) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004). For purposes of a restricted appeal, the record consists of all papers filed in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (per curiam); *In re E.M.V.*, 312 S.W.3d 288, 290 (Tex.App.-Dallas 2010, no pet.).

The record establishes Jaime met the first three requirements for a restricted appeal. The remaining issue is whether there is error apparent on the face of the record. Jaime asserts there is error apparent on the face of the record because there is no evidence to support (1) the trial court's finding that M.E. is a child of the marriage, (2) the amount of child support ordered in the divorce decree, or (3) the property division.

In a suit for divorce, "the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM.CODE ANN. § 6.701 (West 2006). If the respondent in a divorce case fails to answer or appear, the petitioner must present evidence to support the material allegations in the petition. *E.M.V.*, 312 S.W.3d at 291. Accordingly, a default judgment of divorce is subject to an evidentiary attack on appeal. *Agraz v. Carnley*, 143 S.W.3d 547, 552 (Tex.App.-Dallas 2004, no pet.); *see also Norman Commc'ns*, 955 S.W.2d at 270 (appellant in restricted appeal may challenge legal sufficiency of evidence to support default judgment).

Most appealable issues in a family law case are evaluated under an abuse of discretion standard. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex.App.-Dallas 2009, no pet.); *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex.App.-Dallas 2005, pet. denied). A trial court abuses it discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (per curiam); *A.B.P.*, 291 S.W.3d at 95. The trial court generally does not abuse its discretion as long as some evidence of substantive and probative character exists to support the trial court's decision. *Agraz*, 143 S.W.3d at 554.

Because the traditional sufficiency standards of review overlap with the abuse of discretion standard in family law cases, legal sufficiency is not an independent ground of error but is a relevant factor in our assessment of whether the trial court abused its discretion. *A.B.P.*, 291 S.W.3d at 95. To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to

exercise its discretion, and (2) erred in its exercise of that discretion. *Id.; Moroch,* 174 S.W.3d at 857. We conduct the applicable sufficiency review with regard to the first question. *A.B.P.,* 291 S.W.3d at 95; *Moroch,* 174 S.W.3d at 857. We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Moroch,* 174 S.W.3d at 857.

■ In reviewing the evidence for legal sufficiency, we view the evidence in the light most favorable to the fact finding, credit favorable evidence if a reasonable trier of fact could do so, and disregard contrary evidence unless a reasonable trier of fact could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005); *Watson v. Watson,* 286 S.W.3d 519, 523 (Tex.App.-Fort Worth 2009, no pet.). We may not sustain a challenge to the legal sufficiency of the evidence unless the record demonstrates: (1) a complete absence of a vital fact; (2) the court is barred by the rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence to prove a vital fact is no more than a scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *Jelinek v. Casas,* 328 S.W.3d 526, 532–33 (Tex.2010); *Watson,* 286 S.W.3d at 523.

### Child of the Marriage

■ In his first issue, Jaime asserts the evidence is legally insufficient to support the trial court's finding that he is the parent of M.E. Jaime contends M.E. was not born during the marriage and the trial court's finding that Jaime is M.E.'s parent "may be in violation of the biological father's due process rights." Jaime does not have standing to assert an alleged violation of the due process rights of a third-party. *See Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ("[T]he

plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties."); *Sw. Constr. Receivables, Ltd. v. Regions Bank,* 162 S.W.3d 859, 864 (Tex.App.-Texarkana 2005, pet. denied) (only entity that had not been properly served had standing to challenge lack of due process). Accordingly, we will consider only whether there is legally sufficient evidence to support the trial court's finding that Jaime is M.E.'s parent.

In her original petition, Celia identified M.E. and D.G. as "children of this marriage," but did not allege the date of the marriage. At trial, Celia answered affirmatively when asked if she and Jaime "have two children who were born during this marriage," but offered no testimony about the date of the marriage. Jaime is presumed to be the father of a child born during the marriage. *See* TEX. FAM.CODE ANN. § 160.204(a)(1) (West 2008) ("A man is presumed to be the father of a child if he is married to the mother of the child and the child is born during the marriage."). The trial court found in the divorce decree that Celia and Jaime "are the parents" of M.E. and D.G. We conclude there is more than a scintilla of evidence to support the trial court's finding that Jaime is M.E.'s parent. We overrule Jaime's first issue.

### Child Support

■ In his second issue, Jaime argues there is no evidence to support the amount of child support ordered by the trial court and that the trial court failed to adjust the amount of child support as the children were emancipated. Jaime complains the child support provisions contained in the decree demonstrate error on the face of the record because there was no evidence of the nature, amount, and character of

Jaime's net resources or the amount of Jaime's income.

Under Texas law, child support is generally determined by calculating the child support obligor's monthly net resources and applying statutory guidelines to that amount. *See* TEX. FAM.CODE ANN. §§ 154.062(a), 154.125 (West Supp.2010); *see also* §§ 154.122 (amount of support determined by child support guidelines is presumed to be reasonable and in best interest of child), 154.123 (trial court may order child support payments in amount other than that established by guidelines if evidence rebuts presumption that application of guidelines is in best interest of child) (West 2008); *In re P.C.S.*, 320 S.W.3d 525, 532–33 (Tex.App.-Dallas 2010, pet. filed). The family code sets a guideline that the obligor who has two children should pay child support equal to twenty-five percent of the first $7,500 of his monthly net resources. TEX. FAM.CODE ANN. § 154.125, § 154.126(a) (West 2008).[1]

The trial court was required to calculate Jaime's net resources for the purpose of determining his child support liability. *See id.* § 154.062(a). However, Celia offered no evidence at the hearing regarding Jaime's employment status or his income. Absent evidence of wage and salary income, the trial court was required to presume that Jaime has wages and salary equal to the federal minimum wage for a forty-hour week. *Id.* § 154.068 (West 2008). Assuming the federal minimum wage produced net monthly income of $1,112.79,[2] twenty-five percent of those resources is substantially less than the amount of child support ordered by the trial court. Accordingly, there is no evidence to support a child support obligation in the amount of $750 per month as ordered in the decree.

The trial court abused its discretion by setting child support without evidence of Jaime's net resources. *See Miles v. Peacock*, 229 S.W.3d 384, 390 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Accordingly, there is error apparent on the face of the record as to the trial court's order that Jaime pay $750 per month in child support. *See Hendley v. Lywiski*, No. 09–09–00485–CV, 2010 WL 4264251, at *2 (Tex. App.-Beaumont Oct. 28, 2010, no pet.) (mem.op.) (error apparent on face of record when trial court ordered child support with no evidence of obligor's net resources). We sustain Jaime's second issue.

### Property Division

 In his third issue, Jaime contends there is no evidence to support the property division in the divorce decree. During the prove-up hearing, Celia requested the trial court award her the marital residence. She did not testify about the value of the residence and offered no other evi-

---

1. The decree ordered Jaime to pay child support in the amount of $750 per month with the first payment due on August 1, 2009. The record indicates M.E. turned eighteen on July 28, 2009, before Jaime's first child support payment was due. However, because the record does not reflect whether M.E. had graduated from high school or was enrolled in a program leading towards a high school diploma, we will assume M.E., along with D.G., was the subject of the ordered child support. *See* TEX. FAM.CODE ANN. § 154.002(a) (West 2008).

2. Section 154.061 of the family code requires the Texas Attorney General to "annually promulgate tax charts to compute net monthly income." TEX. FAM.CODE ANN. § 154.061(b) (West 2008). The Tax Chart indicates an individual working a forty-hour week at the federal minimum wage after July 24, 2009 would have a gross monthly income of $1,256.67 and a net monthly income of $1,112.79. *Id.* (West Supp.2010).

dence of the parties' assets and liabilities. The default decree awarded Celia the marital residence, but also divided other property and liabilities.

The trial court, after considering the rights of each party and any children to the marriage, must divide the community estate "in a manner that the court deems just and right." TEX. FAM.CODE ANN. § 7.001 (West 2006); *see also E.M.V.,* 312 S.W.3d at 291 (trial court's division of community estate must be equitable). However, the trial court's discretion is not unlimited, and the record must show some reasonable basis for the division. *Sandone v. Miller–Sandone,* 116 S.W.3d 204, 208 (Tex.App.-El Paso 2003, no pet.) (trial court abused its discretion in division of marital property when there was no evidence of value of property); *see also E.M.V.,* 312 S.W.3d at 291 (record must show some reasonable basis for unequal division of property). Here, there is no evidence of the value of the marital residence or the other property divided by the trial court. *See E.M.V.,* 312 S.W.3d at 291 ("Here, there is a complete absence of evidence to support the division of property because there is no evidence of the properties' values."); *O'Neal v. O'Neal,* 69 S.W.3d 347, 350 (Tex.App.-Eastland 2002, no pet.) (concluding evidence was insufficient to support division of community estate when record contained no evidence of value of property). Accordingly, the trial court had insufficient evidence to divide the property equitably. *See E.M.V.,* 312 S.W.3d at 291; *O'Neal,* 69 S.W.3d at 350. With regard to the division of the marital estate, there is error on the face of the record. *See E.M.V.,* 312 S.W.3d at 291; *Watson,* 286 S.W.3d at 525. We sustain Jaime's third issue.

### Disposition

■ When legally insufficient evidence supports a default judgment, the proper

remedy is remand, not rendition. *See Bennett v. McDaniel,* 295 S.W.3d 644, 645 (Tex.2009) (per curiam); *Dolgencorp of Tex., Inc. v. Lerma,* 288 S.W.3d 922, 930 (Tex.2009) (per curiam). Accordingly, we reverse those parts of the decree dividing the marital estate and ordering Jaime to pay $750 per month in child support and remand this case to the trial court for further proceedings consistent with this opinion. In all other respects, the trial court's judgment is affirmed.