NO. 07-12-0034-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 17, 2012
_____

In the Matter of the Marriage of DONALD ANTHONY GODFREY
and CHERLYN GAIL GODFREY and In the Interest of K.R.G. and
D.A.G., Children
_____

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. D2011053; HONORABLE RALPH H. WALTON, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

Cherlyn Gail Godfrey appeals from a divorce decree mandating that she pay child support of $554.32 and a support arrearage of $3,880.24 to her ex-husband, Donald Anthony Godfrey.  She contends that the sums fail to comport to the statutory guidelines and lack evidentiary support.   We agree and reverse the decree in part.

*Background*

The evidence at the final divorce hearing consisted of testimony from Donald Anthony Godfrey.  He mentioned that 1) Cherlyn worked at Broadway Express and made "about 1200" a month, and 2) he wanted child support of $554.32 a month as well

as an arrearage of $3,880.24. Cherlyn, who was acting *pro se*, did not ask any questions of Godfrey, call any witnesses, or proffer argument.

The trial court awarded child support for two children in the amount requested. It also granted an arrearage of $3,880.24, which sum approximated $554 multiplied by the number of months between March 15, 2011 (the date Cherlyn executed a waiver of service), through October 5, 2011.

Cherlyn filed a motion for new trial on the basis that the monthly amount was not in accordance with the child support guidelines. At the ensuing hearing, Cherlyn testified her normal pay was $280 a week and there was no "possible way" she would be able to pay $554. She also stated she should not have to pay the arrearage because she had always helped her husband financially while they lived apart. On cross-examination, she agreed that over a year previously she had held two jobs for a period of three weeks. However, the amount of her wages during that time does not appear in the record. Also unclear is whether the $280 amount was her gross or net pay. She also mentioned that she had not objected to the amount proposed by Donald at the final divorce hearing because she "couldn't think" at that time.

*Authority and Its Application*

We review the setting of child support payments under the standard of abused discretion. *Worford v. Stampe*r, 801 S.W.2d 108, 109 (Tex. 1990). There is no abuse of discretion if there is some evidence of a substantive and probative character to support the decision. *In re C.R.O.*, 96 S.W.3d 442, 447 (Tex. App.–Amarillo 2002, pet. denied).

For a person whose monthly net resources are not greater than $7,500, the child support guidelines call for the parent to pay 25% of his or her net resources for two children. TEX. FAM. CODE ANN. §154.125 (West Supp. 2011). Net resources include 1) all wages and salary income and other compensation for personal services, 2) interest, dividend, and royalty income, 3) self-employment income, 4) net rental income, and 5) all income actually being received including severance pay, retirement benefits, pensions, trust income, annuities, capital gains, social security benefits, unemployment benefits, disability and workers' compensation benefits, gifts, and prizes. *Id.* § 154.062(b). Social security taxes, federal and state income taxes, union dues, and expenses for health insurance are to be deducted from resources to determine the amount available for child support. *Id.* § 156.062(d). Additionally, the trial court shall require a party to furnish information sufficient to accurately identify the party's net resources and ability to pay child support and produce copies of income tax returns for the last two years, a financial statement, and current pay stubs. *Id.* § 154.063 (West 2008). None of those items appear in the record.

Were we to assume that Cherlyn's take home pay was $1200 a month, 25% of that amount would be quite less than the $554.32 she was ordered to pay.[1] Were we to assume that her pay equaled minimum wage times forty hours per week, *see id.* § 154.068 (West 2008) (stating that in the absence of evidence of wage and salary income, the court shall presume that the party has wages or salary equal to the federal minimum wage for a forty-hour week), the *gross* (not net) amount of her income would

---

[1]Donald avers in his brief that his child support calculations were based upon his ex-wife working two jobs giving her an income of $2,600 per month. However, he failed to cite any evidence of record illustrating that she made such an amount when temporarily working two jobs. Nor did our own review of the record uncover any.

be about $1190 per month. Twenty-five percent of that sum would also be much less than $554.

And, though the trial court may deviate from the child support guidelines, there is no evidence in this record to rebut the presumption that application of the statutory guidelines should not control or was not in the best interest of the children. *See id.* § 154.123(a) & (b) (discussing when the court's award may vary from statutory guidelines and listing the factors it may consider in deterimining whether to so deviate).[2] Nor did the trial court enter any findings, much less one explaining why following the statutory/presumptive guidelines was unwarranted. *See id.* § 154.130(a)(3) (West Supp. 2011) (requiring the issuance of findings when the court's award deviates from the statutory guidelines).

In sum, we find no evidence of record to support the amount of child support awarded. *See Gonzalez v. Gonzalez,* 331 S.W.3d 864, 868 (Tex. App.–Dallas 2011, no pet.) (holding that when the wife offered no evidence of the husband's employment status or income and the court was required to use the federal minimum wage for a forty-hour week, there was no evidence to substantiate the amount of child support ordered in the divorce decree which amount was substantially more than 25% allowed by statute). And, since the retroactive support award was calculated by using the aforementioned $554 sum, it too lacks all evidentiary basis. Consequently, the trial court abused its discretion in ordering the payment of both sums.

---

[2]There was testimony at the new trial hearing that Cherlyn had one weekly paycheck of $320.

Accordingly, we reverse that portion of the divorce decree pertaining to the amount of monthly child support and arrearage, if any, payable by Cherlyn Godfrey, remand those matters to the trial court, and affirm the remainder of the decree.

Brian Quinn
Chief Justice