

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00077-CV

BRANDON KYLE SHERRILL                                          APPELLANT

V.

TONI ANN SHERRILL                                              APPELLEE

----------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 233-542854-13

----------

## MEMORANDUM OPINION[1]

----------

Pro se Appellant Brandon Kyle Sherrill appeals from a final decree of divorce. We will affirm.

In August 2013, Appellee Toni Ann Sherrill filed a petition to divorce Brandon. Although we can gather from the record that he was served, Brandon

---

[1]*See* Tex. R. App. P. 47.4.

did not file an answer, nor did he appear at the final trial in December 2013.[2] The trial court signed a final decree of divorce that divided the community estate, confirmed Toni's and Brandon's separate property, and ordered them divorced.[3] Brandon timely requested that the trial court issue findings of fact and conclusions of law, but the court never did so. Thereafter, Brandon perfected this appeal. Before the cause was submitted, the court reporter assigned to the trial court notified this court that she "did not make a Reporter's Record in this case [on the day of the final trial]." Toni did not file a brief.

In three issues, Brandon argues that because there is no reporter's record, the evidence is legally and factually insufficient to support the trial court's property awards and judgment. Brandon is correct that he may raise evidentiary sufficiency issues even though he did not file an answer or make an appearance. In a suit for divorce, "the petition may not be taken as confessed if the respondent does not file an answer." Tex. Fam. Code Ann. § 6.701 (West 2006). Therefore, if the respondent fails to answer or appear, the petitioner must present evidence to support the material allegations in the petition. *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.). Consequently, a default judgment of divorce is subject to an evidentiary attack on appeal. *Id.*

---

[2]In his statement of facts, Brandon asserts that he did not receive notice of the final trial, but he does not assign any error, nor include any argument, regarding the contention.

[3]There were no children of the marriage.

2

However, the problem with Brandon's sufficiency issues is that there was no reporter's record made during the final divorce trial.[4] In order to overcome the presumption that the trial court correctly exercised its discretion in dividing community property, the appellant bears the burden to show *from the evidence in the record* that the division was so disproportionate as to constitute an abuse of discretion. *Finch v. Finch*, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ). Likewise, to show error in characterizing property as separate, the appellant must demonstrate *from the evidence at trial* that the court's finding is not supported by clear and convincing evidence and that the error caused an abuse of discretion. *Viera v. Viera*, 331 S.W.3d 195, 207 (Tex. App.—El Paso 2011, no pet.). Contrary to Brandon's argument, in the absence of a reporter's record, we do not conclude that there is no evidence to support the judgment. Instead, we must presume that the evidence is sufficient to support the judgment.[5] *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Emesowum v. Morgan*, No. 14-13-00397-CV, 2014 WL 3587385, at *2 (Tex. App.—Houston [14th Dist.] July 22, 2014, pet. filed) (mem. op.) ("Because

---

[4]The divorce decree states that a hearing took place on December 4, 2013, and that the "Court heard evidence." Brandon does not contend that no evidentiary hearing took place.

[5]The caselaw that Brandon cites is inapposite because the appellate courts in those cases had a reporter's record. *See Wolk v. Wolk*, No. 03-06-00595-CV, 2007 WL 2682173, at *2–3 (Tex. App.—Austin Sept. 12, 2007, no pet.) (mem. op.); *Odom v. Odom*, No. 12-06-00218-CV, 2007 WL 677800, at *2 (Tex. App.—Tyler Mar. 7, 2007, no pet.) (mem. op.); *Suarez v. Suarez*, No. 13-04-00108-CV, 2006 WL 1194960, at *2–3 (Tex. App.—Corpus Christi May 4, 2006, no pet.) (mem. op.).

our appellate record contains no record of the trial proceedings, we presume that the trial evidence was legally and factually sufficient to support the . . . judgment . . . ."); *Crown Asset Mgmt., LLC v. Burnett*, No. 05-07-01186-CV, 2008 WL 3197098, at *2 (Tex. App.—Dallas Aug. 8, 2008, no pet.) (mem. op.) ("We note at the outset that our record contains no reporter's record. This can be significant because without a reporter's record we cannot reverse a judgment based on arguments that depend on the evidence admitted at a hearing."); *Taylor v. Am. Emery Wheel Works*, 480 S.W.2d 26, 30 (Tex. App.—Corpus Christi 1972, no writ) ("There being no statement of facts . . . we do not know what constituted the evidence, but inasmuch as the court's judgment recites that evidence was heard, we must presume that the evidence, whatever it might have been, was sufficient to support the judgment of the trial court."). There being no reporter's record to review for evidentiary sufficiency, we presume that the trial court did not abuse its discretion in dividing the community estate and awarding separate property.

Citing family code section 6.711, Brandon appears to argue that he suffered harm because the trial court did not make findings of fact and conclusions of law. *See* Tex. Fam. Code Ann. § 6.711 (West 2006) ("In a suit for dissolution of a marriage in which the court has rendered a judgment dividing the estate of the parties, on request by a party, the court shall state in writing its findings of fact and conclusions of law."). But Brandon cannot show harm because even if the trial court had entered findings and conclusions, there is no

4

reporter's record, and we would presume that the findings are supported by the trial court's judgment. *See In re Tyler*, 408 S.W.3d 491, 495 (Tex. App.—El Paso 2013, no pet.). Brandon raises no questions of law.

Accordingly, we overrule Brandon's issues and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DELIVERED: October 30, 2014

5