**REVERSE and REMAND; Opinion Filed March 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00233-CV

## IN THE INTEREST OF: A.K.S., J.L.S., AND R.G.S., CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-09-07242**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

This appeal arises out of an order in a suit to modify the parent-child relationship. In two related issues, James Romig Smith, the children's father, contends the mother, Donnelle Smith Vallejo, did not provide legally sufficient evidence to support an order awarding attorney's fees in the amount of $25,000. Because no evidence supports the attorney's fee award, we reverse that portion of the trial court's order and remand this case to the trial court for redetermination of attorney's fees.

### FACTUAL BACKGROUND

After Smith and Vallejo divorced, Smith filed a motion to modify the parent-child relationship. The parties entered into a mediated settlement agreement resolving most issues, and reserving the issue of attorney's fees for trial. When Smith's and Vallejo's attorneys appeared for trial, the trial court held an in-chambers, off-the-record conference with the attorneys. After the conference, the trial court issued an order, which stated: "[Vallejo] has

incurred reasonable and necessary attorney's fees for the safety and welfare of the minor children the subject of this suit. IT IS ORDERED that good cause exists to award [Vallejo's counsel] a judgment in the amount of [$25,000] for attorney's fees. . . ." Vallejo subsequently filed a partial motion for new trial on the issue of attorney's fees, in which she argued "the evidence is legally and factually insufficient to support [the trial court's order] based on the fact that there is no record of the agreements between counsel and of the evidence presented to the [trial court] in chambers." The trial court held a hearing on the motion. At the hearing, the parties' attorneys and the trial court acknowledged the prior determination of attorney's fees occurred in-chambers and without a court reporter. At the hearing, Smith's attorney did not object to the amount of attorney's fees awarded but stated Smith did not agree with the "safety and welfare" language in the order. The trial court denied Vallejo's partial motion for new trial.

## LAW & ANALYSIS

In his first issue, Smith argues the evidence is legally insufficient to support the trial court's award of attorney's fees. A trial court has discretion to award attorney's fees in a suit affecting the parent-child relationship. TEX. FAM. CODE ANN. § 106.002 (West 2014). We review the award for an abuse of discretion. *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.).

A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *In re Marriage of C.A.S.*, 405 S.W.3d 373, 382 (Tex. App.—Dallas 2013, no pet.). Because the traditional sufficiency standards of review overlap with the abuse of discretion standard in family law cases, legal sufficiency is not an independent ground of error but is a relevant factor in our assessment of whether the trial court abused its discretion. *Gonzalez*, 331 S.W.3d at 866. To determine whether the trial court abused its

discretion, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its exercise of that discretion. *Id*. at 866–67. We conduct the applicable sufficiency review with regard to the first question. *Id*. at 867. We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id*.

As the party seeking fees, Vallejo bore the burden to show the attorney's fees she incurred were reasonable and necessary. *See In re B.N.L.-B.*, 375 S.W.3d 557, 566 (Tex. App.—Dallas 2012, no pet.). Vallejo conceded in her motion for new trial "the evidence is legally and factually insufficient to support [the trial court's order] based on the fact that there is no record of the agreements between counsel and of the evidence presented to the [trial court] in chambers." Because the conference in chambers was conducted without a court reporter, there is no record for our review. Similarly, there is no evidence in the clerk's record Vallejo incurred attorney's fees. As the record fails to show that Vallejo incurred attorney's fees or any fees were reasonable and necessary, there is insufficient evidence in the record supporting the trial court's determination of attorney's fees. *See id*. at 566; TEX. FAM. CODE ANN. § 106.002. We conclude the trial court abused its discretion by awarding attorney's fees to Vallejo's counsel.

Vallejo does not argue the evidence of attorney's fees is legally sufficient. Instead, she argues Smith acquiesced to the procedure used to determine the amount of the fees—the in-chambers, off-the-record conference—and, because Smith acquiesced to the procedure, he invited the error and is estopped from seeking relief on appeal. Her brief states:

> The trial court did not abuse its discretion [by awarding attorney's fees] because [Smith] acquiesced to the procedure. . . .[Smith] should be estopped from challenging the award of attorney's fees while accepting the benefit of the child support determination made using the same off-record procedure. If the trial court did commit error in following the parties' directives, it was error which [Smith] invited by requesting a procedure which resulted in a lack of a record.

"The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal." *In re Dep't of Family & Prot. Servs.*, 273 S.W.3d 637, 646 (Tex. 2009) (citing *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005)). Nothing in the appellate record indicates Smith requested the in-chambers, off-the-record conference. Nor is Smith complaining about the conference on appeal. Smith's complaint is that there is no evidence to support the trial court's award of attorney's fees to Vallejo's counsel. We conclude the invited error doctrine is inapplicable.

Moreover, Smith is only estopped "from asserting a position in an appellate court based on actions [he] took in the trial court, [if he] . . . 'unequivocally [took] a position in the trial court that is clearly adverse to [his] position on appeal.'" *In re Dep't of Family & Prot. Servs.*, 273 S.W.3d at 646 (quoting *Tittizer*, 171 S.W.3d at 862). Again, Smith complains there is legally insufficient evidence to support the trial court's award of attorney's fees. He does not complain on appeal about the in-chambers, off-the-record procedure. Even if we assume Smith agreed to the in-chambers, off-the-record conversation with the judge about attorney's fees, that does not stop him from challenging whether any evidence supports the attorney's fee award. His position on appeal is not adverse to his position in the trial court.

To the extent Vallejo's brief may argue Smith failed to preserve his complaint for appeal because he did not object to the sufficiency of the evidence in the trial court, we conclude Smith was not required to do so. *See* TEX. R. APP. P. 33.1(d).

We sustain Smith's first issue.

In his second issue, Smith argues there was legally insufficient evidence to award attorney's fees for the "safety and welfare of the minor children." Having concluded the evidence was insufficient to support the attorney's fee award, we need not address the merits of Smith's second issue. *See* TEX. R. APP. P. 47.1.

–4–

**CONCLUSION**

Appellate courts have broad discretion to remand for a new trial on attorney's fees where evidence to support attorney's fees was legally insufficient. *In re Marriage of Pyrtle*, 433 S.W.3d 152, 168 (Tex. App.—Dallas 2014, pet. denied) (citing *In re A.A.L.*, No. 12–11–00161–CV, 2012 WL 1883763, at *4 (Tex. App.—Tyler May 23, 2012, no pet.) (mem. op.)); *see also* TEX R. APP. P. 43.3 ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when . . . the interests of justice require a remand for another trial."). We reverse that portion of the trial court's order awarding Vallejo's counsel in this lawsuit a judgment for attorney's fees in the amount of $25,000 and remand this case to the trial court for redetermination of attorney's fees.

140233F.P05

/ Craig Stoddart/
CRAIG STODDART
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF: A.K.S., J.L.S. AND R.G.S., CHILDREN

No. 05-14-00233-CV

On Appeal from the 301st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-09-07242.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.


In accordance with this Court's opinion of this date, we reverse that portion of the trial court's Order in Suit to Modify Parent-Child Relationship awarding Donnelle Smith Vallejo's counsel in this lawsuit a judgment of attorney's fees in the amount of $25,000 and remand this case to the trial court for redetermination of attorney's fees.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 16th day of March, 2015.