**AFFIRM; and Opinion Filed February 13, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01161-CV

### IN THE INTEREST OF J.M., A CHILD

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-98-14563-Z**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

In two issues, appellant M.M. asserts the trial court abused its discretion by denying his breach of contract and defamation claims against appellee D.M. We affirm the trial court's judgment denying M.M.'s breach of contract and defamation claims.

### Background

M.M. and D.M. entered into a May 21, 2009 Agreed Order in a Suit to Modify Parent-Child Relationship (the Agreed SAPCR Order). The Agreed SAPCR Order contains various contractual agreements of the parties. Among other things, M.M. agreed to pay D.M. $21,600.00 and to be responsible for payment of tuition and fees associated with the education of M.M.'s and D.M.'s children, A.M. and J.M., until the children reached the age of eighteen or graduated from high school, whichever occurred later. Further, M.M. and D.M. each agreed not to initiate a suit for modification of the terms and conditions of conservatorship, possession, or support of

the children for a period of three years following the signing of the Agreed SAPCR Order "unless there is an immediate and present danger to [sic] child's well-being."

On August 27, 2010, D.M. initiated a proceeding for modification of the terms of conservatorship, possession, access, and support of A.M. and J.M. contained in the Agreed SAPCR Order. In November 2010, M.M. sued D.M. in a separate civil action alleging claims for breach of contract, intrusion on seclusion, defamation, threat of bodily injury, and intentional infliction of emotional distress. In his breach of contract claim, M.M. asserts he fully performed his obligations under the Agreed SAPCR Order, but D.M. violated her obligations under the contract by filing suit to modify terms of conservatorship, possession, access, and support of the children contained in the Agreed SAPCR Order and there was no showing of immediate and present danger to the children.[1] In his defamation claim, M.M. asserts D.M. published false, defamatory statements of fact referring to M.M.[2]

The consolidated proceeding involving D.M.'s requested modification of the Agreed SAPCR Order and M.M.'s breach of contract and tort claims against D.M. were tried before the court. Following trial, the trial court signed a June 9, 2015 Order in Suit to Modify Parent-Child Relationship (the June 2015 SAPCR Order), in which the court found the material allegations in D.M.'s petition to modify were true and modification of the Agreed SAPCR Order was in the best interest of J.M.[3] The trial court ordered the requested modification partially granted and partially denied and ordered that M.M. and D.M. each bear their own attorney's fees and costs of court. The trial court further denied M.M.'s claims against D.M. for breach of contract and

---

[1] M.M. testified he paid D.M. $21,600.00 in accordance with the Agreed SAPCR Order and he paid "$29,750.00 and other costs associated with that agreement." M.M. sought damages of $56,718.00 for D.M.'s alleged breach of contract and attorney's fees in the amount of $24,328.75 relating to his breach of contract claim.

[2] On appeal, M.M. contends he established "at least nominal damages for [D.M.]'s per se defamation of him."

[3] A.M. is not addressed in the trial court's June 9, 2015 SAPCR Order because she was no longer a minor at the time that order was signed.

defamation.[4]  M.M. filed this appeal of the trial court's denial of his breach of contract and defamation claims against D.M.

*Standard of Review*

Most appealable trial court decisions in family law cases are evaluated for abuse of discretion. *See In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.); *see also In re B.M.*, 228 S.W.3d 462, 464 (Tex. App.—Dallas 2007, no pet.).  A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *see Gonzalez v. Gonzalez*, 331 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.).[5]  In family law cases, challenges to the sufficiency of the evidence do not constitute independent grounds for asserting error, but are relevant factors in determining whether the trial court abused its discretion. *Moore v. Moore*, 383 S.W.3d 190, 198 (Tex. App.—Dallas 2012, pet. denied).  The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *In re M.M.M.*, 307 S.W.3d 846, 849 (Tex. App.—Fort Worth 2010, no pet.) (citing *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998)).[6]

To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient to support the trial court's decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in application of that discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied).  We conduct the applicable sufficiency review when considering the first prong of the test. *Id*.  We then determine whether, based on the elicited evidence, the trial court made a reasonable

---

[4] The trial court also denied M.M.'s claims of intrusion on seclusion, threat of bodily injury, and intentional infliction of emotional distress. Only M.M.'s breach of contract and defamation claims are at issue in this appeal.  Accordingly, we do not address M.M.'s intrusion on seclusion, threat of bodily injury, or intentional infliction of emotional distress claims in this opinion.

[5] *See also In re Marriage of S.C.*, No. 05-14-00661-CV, 2015 WL 4524191, at *2 (Tex. App.—Dallas July 27, 2015, no pet.) (mem. op.).

[6] *See also In re N.F.M.*, No. 05-15-01232-CV, 2016 WL 6835721, at *3 (Tex. App.—Dallas Nov. 3, 2016, no pet.) (mem. op.).

decision.  *Id.*  An abuse of discretion generally does not occur if some evidence of a substantive and probative character exists to support the trial court's decision.  *Gonzalez*, 331 S.W.3d at 866; *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In determining whether there is legally sufficient evidence to support a finding, we examine the record and credit evidence favorable to the finding if a reasonable fact finder could and disregard evidence contrary to the finding unless a reasonable fact finder could not.  *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).  Evidence is legally insufficient only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence established conclusively the opposite of a vital fact.  *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010) (quoting *City of Keller*, 168 S.W.3d at 810); *Gonzalez*, 331 S.W.3d at 867.  In a factual sufficiency review, we examine the entire record and consider and weigh all the evidence, both in support of and contrary to the challenged finding, and will set aside the finding only if it is so contrary to the great weight and preponderance of the evidence that it is clearly wrong and unjust.  *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Cameron v. Cameron*, 158 S.W.3d 680, 683 (Tex. App.—Dallas 2005, pet. denied).  Where, as here, a party does not request findings of fact, we infer that a trial court made all the necessary findings to support its judgment.  *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam); *In re A.L.S.*, 338 S.W.3d 59, 65 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).  However, where the appellate record includes the reporter's and clerk's records, as in this case, implied findings of fact may be challenged in this Court for legal and factual sufficiency.  *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *Roberson*, 768 S.W.2d at  281.

**Breach of Contract**

In his first issue, M.M. contends the trial court abused its discretion by denying his breach of contract claim against D.M. because the judgment is not supported by legally and factually sufficient evidence. To succeed on a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the contract; and (4) damages sustained by the plaintiff as a result of the breach. *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 140 (Tex. App.—Dallas 2012, no pet.). M.M. asserts he established all elements of the breach of contract claim and D.M. failed to introduce controverting evidence.

Under the terms of the Agreed SAPCR Order, neither D.M. nor M.M. could initiate a suit for modification of the terms and conditions of conservatorship, possession, or support of the children for a period of three years following the signing of the order "unless there is an immediate and present danger to [sic] child's well-being." M.M. asserts D.M. breached the contract by seeking modification of the Agreed SAPCR Order in August 2010, less than three years from the May 21, 2009 date of signing of the Agreed SAPCR Order when there was no testimony by A.M. "or anyone else" establishing the existence of an immediate and present danger at the time D.M. sought modification. M.M. further argues that even if some evidence supports the existence of an immediate and present danger to A.M. or J.M. "at the relevant time," D.M. does not identify any evidence suggesting she filed her modification action to address that danger and D.M. denied seeking modification for such a purpose. D.M. argues she introduced evidence establishing she sought modification of the Agreed SAPCR Order under the contract's exception for an action to address an "immediate and present danger to [sic] child's well-being." D.M. cites A.M.'s testimony at trial that J.M. was in imminent danger as evidence D.M. did not

breach the contract and argues the trial court impliedly found A.M.'s testimony "directly and conclusively" contradicted M.M.'s testimony concerning the well-being of the children.

The evidence at trial reveals a contentious relationship between M.M. and D.M. that spans a period of years before D.M.'s August 2010 petition to modify the Agreed SAPCR Order and up to the time of the October 2014 consolidated trial of D.M.'s petition to modify the Agreed SAPCR Order and M.M.'s breach of contract and defamation claims. The trial court heard testimony, and exhibits were admitted into evidence, that specifically pertained to D.M.'s complaint of an immediate and present danger to A.M. and J.M.'s well-being and were temporally close to D.M.'s August 2010 petition to modify the Agreed SAPCR Order. For example, a November 2013 Social Study prepared by Diane R. Zylka of the Family Court Services Division of the Dallas County Domestic Relations Office was admitted into evidence. The Social Study contains a discussion of the physical aggression between M.M. and his wife, S.M. M.M. informed Zylka that although A.M. and J.M. were not present for most of the altercations between him and S.M., the children were present for at least one physical altercation.

In addition, evidence at trial established the marital discord between M.M. and S.M. existed prior to D.M.'s August 2010 petition to modify the Agreed SAPCR Order and for a period of at least months after August 2010. In his testimony at trial, M.M. acknowledged incidents of physical aggression between him and S.M. M.M. stated A.M. and J.M. were not present for most of the altercations between him and S.M., but were present for at least one, an October 2010 incident that occurred only two months after D.M. filed the petition to modify the Agreed SAPCR Order. In that incident, M.M. was beaten up by S.M. and she bit off part of M.M.'s ear.

A court-ordered psychological evaluation by clinical psychologist Alexandria H. Doyle was admitted into evidence. In that November 20, 2013 evaluation, as revised May 17, 2014,

Doyle stated that in August 2010, D.M. filed a temporary restraining order to obtain possession of A.M. and J.M. In her evaluation, Doyle noted M.M. reported D.M. had made an August 2010 allegation that M.M. sexually abused A.M. Doyle also noted in her evaluation that D.M.'s petition for modification was filed, in part, because of A.M.'s report of domestic conflict and violence between M.M. and S.M. Doyle's evaluation also references A.M.'s report to her that in 2010 and 2011, she became afraid M.M. was sexually abusing J.M. because he made her sit on his lap and sleep with him in his bedroom. In her evaluation, Doyle also noted that in September 2010, a report was made to the Department of Family and Protective Services, Child Protective Services Division (CPS) that M.M. was physically abusing A.M.[7]

The record contains more than a scintilla of evidence upon which the trial court could exercise its discretion in making a reasonable decision that D.M. sought modification of the Agreed SAPCR Order under the contract's exception for an action to address an "immediate and present danger to" to A.M.'s and J.M.'s well-being, *see Jelinek*, 328 S.W.3d at 532, and viewing the entire record, the trial court's denial of M.M.'s breach of contract claim was not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176. We conclude the trial court did not abuse its discretion by denying M.M.'s breach of contract claim against D.M. Accordingly, we resolve M.M.'s first issue against him.

**Defamation**

In his second issue, M.M. contends the trial court abused its discretion by denying his defamation per se claim against D.M. To succeed on a defamation claim, a plaintiff must show: (1) the publication of a false statement of fact to a third party; (2) that was defamatory concerning the plaintiff; (3) with the requisite degree of fault (negligence or actual malice,

---

[7] Doyle's evaluation states that in April 2011, M.M. "was cleared by CPS of having a role in the physical abuse of [A.M.]."

depending on the context); and (4) damages (unless the defamatory statement is defamatory per se). *Watson v. Hardman*, 497 S.W.3d 601, 609 (Tex. App.—Dallas 2016, no pet.). The requisite degree of fault in Texas is negligence if the plaintiff is a private figure, such as M.M., or actual malice if the plaintiff is a public figure or limited-purpose public figure. *See Hancock v. Variyam*, 400 S.W.3d 59, 65 n.7 (Tex. 2013). M.M. asserts he established all elements of the claim, D.M. failed to introduce controverting evidence, and the trial court's judgment denying the claim is not supported by legally and factually sufficient supporting evidence.

Under Texas law, a statement is defamatory if it tends to injure a person's reputation and thereby expose the person to public hatred, contempt, ridicule, or financial injury or to impeach a person's honesty, integrity, virtue, or reputation. *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 580 (Tex. App.—Austin 2007, pet. denied). A false statement will typically be classified as defamatory per se if it injures a person in his office, profession, or occupation; charges a person with the commission of a crime; imputes sexual misconduct; or accuses one of having a loathsome disease. *See id.* at 581. If statements are defamatory per se, general damages are presumed without requiring specific evidence of harm to the plaintiff's reputation. *Id.* at 580; *see also Brady v. LeaAnne Klentzman*, No. 15-0056, 2017 WL 387217, at *5 (Tex. Jan. 27, 2017). General damages include noneconomic losses, such as loss of reputation or mental anguish. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (orig. proceeding). No particular amount of general damages beyond nominal damages is presumed. *Id.* If a statement is defamatory but not defamatory per se, a plaintiff may recover only actual, compensatory, and exemplary damages, not nominal damages. *Variyam*, 400 S.W.3d at 65.

M.M. asserts on appeal he was defamed by D.M.'s allegation he sexually abused a minor niece in 2013. According to M.M., CPS concluded the sexual abuse alleged by D.M. did not occur, and the CPS investigator testified the niece actually attributed the abuse to boys at her

school.  M.M. contends D.M. did not deny making the allegation that M.M. sexually abused his niece or that the allegation was untrue and, therefore, there is legally sufficient evidence to support his defamation per se claim, or, alternatively, there is factually sufficient evidence to support his defamation per se claim, and he is entitled to at least nominal damages and recovery of court costs.

D.M. reported the alleged sexual misconduct involving M.M.'s niece to Jim Cobb and Shannon Lynch, the guardians ad litem appointed to represent J.M. and A.M., respectively.  In her appellate brief, D.M. acknowledges the testimony of M.M. and the testimony of CPS supervisor Crystal Adams that after Cobb and Lynch followed up with CPS concerning D.M.'s complaint, no abuse of the niece by M.M. was found by CPS.  However, one of the elements of a defamation claim brought by a private figure such as M.M. is a showing that the defendant was negligent in making the complained-of statement.  *Watson*, 497 S.W.3d at 609; *see also Variyam*, 400 S.W.3d at 65 n.7 (in defamation per se claim between private parties over a matter of private concern, "there must still be a some showing of fault" and if plaintiff is a private figure, appropriate standard of fault in such a case is negligence).  Under this standard, M.M. had the burden to show D.M. knew or should have known the defamatory statement was false.  *French v. French*, 385 S.W.3d 61, 73 (Tex. App.—Waco 2012, pet. denied).  M.M. asserts on appeal that he established the elements of a defamation per se claim although he does not cite to any specific evidence establishing D.M. knew or should have known the statement at issue was false, and a record review reveals that M.M. did not produce evidence that D.M. was negligent in making the allegedly defamatory statement.  Indeed, CPS supervisor Adams testified that D.M. had expressed a "genuine concern" about the safety of the niece and was "sincerely worried" about her.  The family code requires that "[a] person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect" shall

immediately report the allegations to the proper authorities. TEX. FAM. CODE ANN. § 261.101–.103 (West 2014 & Supp. 2016)).

M.M. failed to make a showing in the trial court that D.M. was negligent in making the complained-of statement about alleged sexual misconduct involving M.M.'s niece. We conclude the trial court did not abuse its discretion by denying M.M.'s defamation per se claim. Accordingly, we resolve M.M.'s second issue against him.

## Conclusion

We affirm the trial court's judgment denying M.M.'s claims against D.M. for breach of contract and defamation.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

151161F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.M., A CHILD

No. 05-15-01161-CV

On Appeal from the 256th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DF-98-14563-Z.
Opinion delivered by Justice Fillmore,
Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Devera Montfort recover her costs of this appeal from appellant Mark Mills.

Judgment entered this 13th day of January, 2017.