# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00536-CV

---

**Puja Kasturi Allepalli, Appellant**

**v.**

**Prasun K. Allepalli, Appellee**

---

### FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 20-2968-F395, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Puja Kasturi Allepalli (Mother) appeals from a divorce decree that ended her marriage to Prasun K. Allepalli (Father) and made conservatorship provisions regarding the parties' minor child. On appeal Mother challenges the trial court's imposition of a travel restriction, exclusion of testimony, and division of community property. For the following reasons, we affirm the trial court's decree.

## BACKGROUND

The parties were married in 2001 and had one child of the marriage, V.A., who was nine years old when the decree was signed. In late 2020, Father filed an original petition for divorce, and Mother counter-petitioned. Trial to the court occurred over four dates between September 2022 and May 2023, after which the trial court signed a final divorce decree.

Pursuant to Mother's request, the trial court made findings of fact and conclusions of law. Mother then perfected this appeal.

## DISCUSSION

Mother raises three issues on appeal. In her first, she takes issue with the following provision in the decree:

> IT IS ORDERED that [Father] shall maintain control and possession of the child's passport until the child is 13. It is ORDERED that neither party shall travel outside of the United States with the child unless agreed to by the parties in writing. After [the child reaches] age 13, agreement for international travel shall not be unreasonably withheld.

Mother contends that the trial court abused its discretion by placing this restriction on the parties' traveling outside of the country with V.A. until he is thirteen, arguing that there was no credible evidence of a risk of abduction of V.A. We review the trial court's travel restriction for an abuse of discretion. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (stating that trial courts have broad discretion to decide best interest of child in family-law matters such as custody, visitation, and possession); *see also Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.) (noting that trial court abuses its discretion when it acts in arbitrary or unreasonable manner or without reference to guiding principles). The abuse-of-discretion standard is a two-pronged inquiry: (1) whether the trial court had sufficient information on which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *Echols*, 85 S.W.3d at 477. A trial court does not abuse its discretion when there is some evidence of a substantive and probative character to support its judgment. *Spradling v. Tantillo*, No. 03-22-00090-CV, 2024 WL 874152, at *3 (Tex. App.—Austin Feb. 29, 2024, pet. denied) (mem. op.).

2

The trial court made the following fact findings relevant to the travel restriction, and Mother does not challenge them:

- Mother unreasonably withheld V.A. from Father outside of the United States, in India, from February 2017 through May 2019 without the consent of Father.

- Mother has strong familial, emotional, and cultural ties to India, which is not a signatory to nor compliant with the Hague Convention on the Civil Aspects of International Child Abduction. The Court further finds that India presents obstacles to the recovery and return of a child who is abducted to the country from the United States, and India has no legal mechanisms for immediately and effectively enforcing an order regarding the possession of or access to the child issued by Texas.

- The Court finds that it is in the best interest of the child to restrict the parties' ability to travel internationally with the child until the child reaches the age of 13 years.

Subsection 153.501(a) of the Family Code authorizes a court to take measures to protect a child from the risk of international abduction by a parent if credible evidence is presented to the court. *See* Tex. Fam. Code § 153.501(a). The types of measures the trial court may take, in its discretion, include ordering travel and passport controls, as here, to prohibit the subject parent from removing the child from the United States. *See id.* § 153.503(4). In determining whether to take any measures, the court shall consider the following: the best interest of the child; the public policies of this state to assure the child will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child, to encourage parents to share in the raising of the child, and to provide a safe and stable environment for the child; the risk of international abduction; any obstacles to locating, recovering, and returning the child if the child is abducted; and the potential physical and psychological harm to the child if the child is abducted to a foreign country. *Id.* §§ 153.001(a), .002, .501(b).

3

To determine whether there is a risk of international abduction of a child by a parent, the court shall consider evidence that the parent (1) has taken, kept, withheld, or concealed a child in violation of another person's right of possession of or access to the child; (2) has previously threatened to take, keep, withhold, or conceal a child; (3) is able to work outside of the United States; (4) has recently engaged in planning activities that could facilitate the removal of the child from the United States by the parent; (5) has a history of domestic violence; and (6) has a criminal history or a history of violating court orders. *Id.* § 153.502(a). If there is credible evidence of a risk of abduction through one or more of such factors, the court shall then consider evidence of additional factors to evaluate such risk, including the following factors relevant here: (1) whether the parent has strong familial, emotional, or cultural ties to another country, particularly a country that is not a signatory to or compliant with the Hague Convention on the Civil Aspects of International Child Abduction; (2) whether the parent lacks strong ties to the United States, regardless of whether the parent is a citizen or permanent resident of the United States; (3) whether the foreign country to which the parent has ties presents obstacles to the recovery and return of a child who is abducted to the country from the United States or has any legal mechanisms for immediately and effectively enforcing an order regarding the possession of or access to the child issued by this state. *See id.* (b), (c).

On this record, we cannot conclude that the trial court abused its discretion in ordering the passport and travel restrictions. There was evidence that Mother had previously taken, kept, and withheld V.A. for nearly two-and-a-half years in India and had threatened to keep him there, telling Father at the time—after V.A.'s passport expired because Mother refused to take him to his passport-renewal appointments—that she was "never coming back" and that Father would have to come to India to see V.A. Father testified that prior to that two-plus-year

4

period, Mother frequently took V.A. to India with her for periods agreed upon by the parties but would usually extend the trip at the last minute, sometimes by several months and with such short notice that Father missed special events such as V.A.'s birthday. Father explained that he filed for divorce in 2020 in part because Mother threatened to take V.A. back to India, file for divorce there, and seek full custody. He testified that he is concerned that if Mother is allowed to take V.A. to India, she will keep him there. There was evidence that Mother is an Indian dance instructor and has the ability to work in India and that she had transferred community assets to her brother and mother in India, which could indicate that she was making plans to facilitate a move to India and the removal of V.A. from the United States. We hold that there was sufficient information upon which the trial court could exercise its discretion in imposing the travel restrictions and that the trial court did not act unreasonably or otherwise err in exercising such discretion. *See Echols*, 85 S.W.3d at 477. We overrule Mother's first issue.

In her second issue, Mother contends that the trial court abused its discretion in preventing a realtor from testifying about the value of real property in India. Father responds, correctly, that Mother did not preserve this issue for review because she neither objected to the trial court's purported exclusion of such testimony nor did she present the evidence to the trial court by offer of proof.[1] *See* Tex. R. App. P. 33.1 (error-preservation rule); Tex. R. Evid. 103(a) (outlining how errors in evidentiary rulings must be preserved); *B.O. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-12-00676-CV, 2013 WL 1567452, at *3 (Tex. App.—Austin Apr. 12,

---

[1] Mother did not object, and the record establishes that she did not expressly attempt to offer the evidence; the issue came up only after the close of evidence, at the May 4, 2023 hearing on entry of the decree. At that hearing, in the context of a discussion about the trial court's impending just and right division of the estate and its query about whether there were any outstanding property issues, Mother's attorney made the following statement, "I have a realtor ready to testify today that that is the fair market value of that property," but did nothing further to preserve the issue.

5

2013, no pet.) (mem. op.) (noting that to preserve complaint about erroneous exclusion of evidence, party must have offered evidence during trial and obtained adverse ruling).  Because she did not preserve it for review, we do not address Mother's second issue.

In her third and final issue, Mother contends that the trial court abused its discretion in its valuation of the parties' real properties and thus in its corresponding just and right division of the marital estate.  *See* Tex. Fam. Code § 7.001 (requiring court to "order a division of the [marital] estate of the parties in a manner that the court deems just and right").  The trial court has broad discretion in dividing the marital estate, and that division should be corrected on appeal only when an abuse of discretion is demonstrated.  *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).  A trial court's division of property need not be equal, and the appellate court shall presume that the trial court properly exercised discretion in determining the value and division of the marital estate.  *See Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974).  Mother bears the heavy burden of showing that the trial court's property division was not just and right.  *See Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied).

The entirety of Mother's argument on this issue reads,

> [T]he trial court indicated that it would divide the property based on the valuation of the property.  However, it appears that the property was divided based on the sale price of the property.  This change resulted in approximately $200,000 difference in the value of the estate and, subsequently, the amount of money that was distributed to [Mother].  The trial court's abuse of discretion resulted in harmful error and should be reversed.

Without further argument or explanation, or citation to the record, Mother has not supported her contention that the trial court improperly valued the properties.  *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and record).  Furthermore, the only evidence in the record

6

pertaining to valuation of the properties at issue was that elicited at trial by Father, and such evidence supports the trial court's valuation. For instance, the trial court admitted into evidence—without objection—a spreadsheet produced by Father indicating the fair market value of the community properties, and Father testified that he arrived at the values for some of the properties in India by employing a "qualified valuator" and using the "current market rate." *See Berlet v. Berlet*, No. 11-14-00079-CV, 2016 WL 1274490, at *4 (Tex. App.—Eastland Mar. 31, 2016, no pet.) (mem. op.) (noting general rule that value of community property in divorce proceeding is market value, defined as "amount that a willing buyer, who desires to buy, but is under no obligation to buy would pay to a willing seller, who desires to sell, but is under no obligation to sell"). Mother did not present any evidence of valuation of those properties. On this record we cannot conclude that the trial court abused its discretion in valuing the properties as it did when there was evidence to support its valuation. *See Echols*, 85 S.W.3d at 477; *cf. Gonzalez v. Gonzalez*, 331 S.W.3d 864, 868–69 (Tex. App.—Dallas 2011, no pet.) (holding that when record contained no evidence of value of community property, trial court had insufficient evidence to divide property equitably). We overrule Mother's third issue.

## CONCLUSION

Having overruled the issues on which Mother preserved error, we affirm the trial court's final divorce decree.

_____

Karin Crump, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed: February 12, 2025

7